STATE of Missouri, Respondent,

v.

Tyrone HAMILTON, Appellant.

No. 39475.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 5, 1978.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

Robert C. Babione, Public Defender, Joseph Webb, Asst. Public Defender, St. Louis, for appellant.

CLEMENS, Presiding Judge.

A jury found defendant Tyrone Hamilton guilty of first degree robbery and the court sentenced him to 20 years' imprisonment under the Habitual Criminal Act, § 556.280, RSMo., 1969.

On appeal defendant challenges the admission of testimony regarding his arrest. He contends this was improperly admitted since the challenged testimony was evidence of another crime. While police were looking for defendant in connection with another offense they found him hiding in a closet. The court excluded testimony of the reason police were looking for defendant but admitted police testimony that he had been found in hiding.

As to the robbery charge, on trial the state's evidence showed that on May 18, 1976 defendant, a passenger in a cab driven by Robert McGuire, flashed a gun and demanded the driver's money. McGuire testified he was carrying two six-dollar checks he had received from a regular passenger and $54 in cash, all of which he have to defendant. The next day McGuire was called to the police station where he identified defendant as the robber. Defendant does not challenge the sufficiency of the evidence.

As to defendant's arrest, Detective Ogborn testified that on May 19, 1976 he went to 2530 Sullivan Avenue in St. Louis looking for defendant in connection with another offense. When he searched the house he found defendant "crouched in a closet." He arrested defendant and took him to the police station where a search was made and two checks were found which had been taken from Mr. McGuire.

Before trial the police officer's proposed testimony was discussed with the court in chambers. The prosecutor revealed that Detective Ogborn would testify he heard a radio description of a man wanted for an attempted robbery, but not the one now charged. He had seen defendant, who matched the suspect's description, on the porch at 2530 Sullivan Avenue. The court did not allow the admission of this testimony because it would be evidence of a sepa-

rate crime; the court did, however, admit police testimony that defendant was found hiding in a closet.

 Circumstances surrounding defendant's arrest are relevant and admissible when they tend to establish an attempt by the defendant to resist, evade, escape or avoid arrest. *State v. Campbell,* 533 S.W.2d 671[1] (Mo.App.1976). Evidence of the place of arrest is relevant when it indicates that defendant has fled, or has hidden himself, as he did in the present case. Inasmuch as both flight and concealment are attempts to avoid arrest, the principles applicable to flight are equally applicable to concealment. See *State v. Moore,* 546 S.W.2d 10[6–7] (Mo.App.1976), and *State v. Cochran,* 366 S.W.2d 360[3, 4] (Mo.1963) upholding admission of evidence that defendant when arrested was, as here, hiding in a closet. We hold the testimony about the circumstances of defendant's arrest were admissible as being relevant to show his attempt to avoid arrest.

The trial court noted that a hiatus results from Detective Ogborn's offered testimony that he went to the Sullivan address looking for defendant in connection with another crime, found defendant hiding, and placed him under arrest. The jury might have inferred defendant was sought and arrested there on the charge for which he was being tried when he was actually sought and arrested for a prior offense. We find that possible inference, though wrong, to be less prejudicial to defendant than the full account of the reason for his arrest. The only way of avoiding such an impression would be to allow evidence of the separate and distinct crime or to omit all facts prior to the discovery of defendant crouched in the closet. The fact that police were initially looking for defendant to arrest him for another crime was kept from the jury. There was no evidence defendant had committed a separate offense nor does the impression left with the jury as a result of the police officer's testimony imply that a separate and distinct offense had been committed. Defendant's point is denied.

The state argues that the circumstances surrounding defendant's arrest were admissible because they were relevant and constituted one continuous, interrelated transaction. We reject the state's argument. Though the arrest of defendant for attempted robbery was the "precipitating factor" leading to his arrest for robbery because evidence of the latter crime was discovered upon defendant's arrest for the former one, the actual commission of the first crime was not intertwined with the second one.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.