STATE of Missouri, Plaintiff-Respondent,

v.

Michael DENMON, Defendant-Appellant.

No. KCD 29482.

Missouri Court of Appeals, Kansas City District.

July 31, 1978.

James L. McMullin, McMullin, Wilson & Schwarz, Kansas City, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Daniel F. Lyman, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

The defendant appeals a conviction for murder in the second degree and a jury-imposed sentence of fifteen years subsequently reduced to ten years by the trial court.

Defendant contends that the evidence was insufficient as a matter of law to sustain the verdict and, in a related point, that the verdict was based upon the perjured testimony of two witnesses.

Under the familiar rule that upon the issue of sufficiency, the evidence will be viewed in the light most favorable to the State and with regard to all reasonable inferences supporting the verdict with contrary evidence being disregarded, *State v. Roberson,* 548 S.W.2d 280 (Mo.App.1977), the record supports the following statement of facts.

An inmate named Barnett was assaulted in his cell in the Jackson County Jail and subsequently died from injuries received in the assault. At the time of the assault, defendant was a prisoner in the same "tank" which consisted of six cells with access to one another. An inmate witness named Whitley recounted the events of the lights in the "tank" being turned off and going to Barnett's cell with the defendant. After Whitley returned to his cell, he could determine from the noises that someone was being beaten in Barnett's cell and observed the defendant stomping on Barnett who was tied up. Another inmate witness Williams testified he was present in Barnett's cell and observed the beating of Barnett by the defendant and two other inmates. Both of these witnesses admitted that charges were dismissed against them in exchange for their testimony against the defendant in the instant case.

■ Defendant's first point, that the evidence is insufficient as a matter of law, is based upon the defendant's claim that the only evidence connecting the defendant with the crime was that of the inmates who testified and that they were "admitted perjurers and liars" and that Whitley was a "co-defendant." Despite these conclusory statements concerning the witnesses Whitley and Williams, they have no support in the transcript in this case. Whitley was not a co-defendant, nor was Williams; and, although both witnesses were impeached by prior inconsistent statements with respect to some matters, that impeachment goes only to the question of credibility and not to the admissibility of their testimony. The credibility of witnesses and the weight and value to be given their testimony are matters within the province of the jury, and credibility is not a matter for review in this court. *State v. Frankoviglia,* 514 S.W.2d 536 (Mo.1974). Defendant's argument in his brief concerning the credibility of these witnesses does not reach or determine the issue of submissibility. If their testimony was believed by the jury as it apparently was, it was sufficient to sustain the verdict.

The second claim of error, that the testimony of Whitley and Williams was based upon proven perjured testimony is again simply the conclusory statement of counsel characterizing the evidence of both Whitley

and Williams who were impeached with respect to certain conversations with jail officials subsequent to the offense. However, impeachment does not destroy their testimony but, as noted, affects only its weight and value which was for the jury. The jury was fully apprised of the bargain made by the prosecution with respect to the dismissal of other charges against these witnesses, and it was for the jury to determine the credibility of their testimony concerning the defendant's activities.

Judgment affirmed.

All concur.