**STATE of Missouri, Respondent,**

v.

**Claybourn Ray BAILEY, Appellant.**

**No. WD 32774.**

Missouri Court of Appeals,
Western District.

Jan. 4, 1983.

Robert Beaird, William Maness, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Kelly Klopfenstein, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, C.J., and SHANGLER, PRITCHARD, DIXON, CLARK, MANFORD and KENNEDY, JJ.

CLARK, Judge.

Claybourn Ray Bailey was jury tried and convicted of the offenses of intentional burning, burglary and stealing and he was sentenced in accordance with the recommendation of the jury to terms of five years, two years and seven years. The court directed that the first and third sentences be served consecutively and that the second sentence run concurrently with the others, the result being an aggregate term of imprisonment of twelve years. This appeal from the judgment and sentence followed disposition of Bailey's new trial motion, the irregularity of which requires comment.

The verdict was returned January 22, 1981. On that date, the court recorded in its minutes the following: "At request of defendant, time for filing motion for new trial extended 30 days in addition to 10 days allowed by rule." The court apparently was applying former Rule 27.20, but that rule was repealed June 13, 1979 and Rule 29.11(b) governing the time for filing new trial motions was adopted effective January 1, 1980. Under the rule in effect as of the date the verdict was returned against Bailey, the motion was due to be filed within 15 days. For good cause, a maximum extension of 10 days could have been granted. When filed on February 27, 1981, Bailey's motion for new trial was within the time allowed by the trial court, but was 11 days out of time as provided in Rule 29.11(b).

A trial court is not empowered to waive or extend the requirements of the rules as to the filing of a new trial motion and a motion filed beyond the time which the rules allow preserves nothing for appellate review. *State v. Brown*, 615 S.W.2d 626 (Mo.App.1981). The points which Bailey now presents, although set out in his motion for new trial, must be considered only if it be concluded that manifest injustice or miscarriage of justice requires application of the plain error doctrine set out in Rule 29.12(b).

Among the points raised, Bailey challenges the sufficiency of the state's evidence to take the case to the jury. In any criminal case, the accused has a constitutional due process right to require that the state present evidence from which any rational trier of the fact could find the essential elements of the crime beyond a reasonable doubt. *State v. Kimball*, 613 S.W.2d 932, 934 (Mo.App.1981). Thus, a failure to present sufficient evidence involves substantial rights and if the evidence be found deficient, relief is appropriately considered under the aegis of the plain error rule. Of

course, the evidence is considered in the light most favorable to the state, as the jury verdict requires.

Proceeding then to a review under the foregoing strictures, the following facts appear in the record. The events in question occurred during the early morning hours of June 27, 1980. At approximately 2:00 a.m. a city police officer in Brookfield responded to a fire call and found a Missouri Highway Patrol motorcycle in the street ablaze. Some distance down that street was the residence of a highway patrolman who, when awakened by the police officer, came out and identified the motorcycle as a vehicle in his custody. The highway patrolman had last seen the motorcycle in an open garage at the rear of his home the previous evening. He had heard or seen nothing and did not know how the motorcycle came to be in the street some four residence lots from his home.

Further investigation revealed that four young men had seen Bailey that evening. Christo Riley, Roger Farris, Ronald Farris and George Dick had been in a Brookfield city park drinking when Bailey drove up and asked their aid in loading a motorcycle. The motorcycle was not to be seen at the time. Bailey was driving a Ford Pinto and no explanation was offered as to how or where Bailey proposed to load the motorcycle. After several entreaties by Bailey for assistance were refused by the group in the park, Bailey stated he would burn the motorcycle if he could not load it and a fire whistle would be heard. The fire alarm did thereafter sound. The group from the park went in search of the fire and found the patrol vehicle burning and the fire department at hand to extinguish the blaze. Bailey was seen driving his automobile past the onlookers who had gathered at the location of the burning motorcycle.

Three points of trial error are asserted by Bailey two of which challenge the sufficiency of the evidence to sustain the state's burden of proof. In a third point, Bailey contends the trial court erred in failing to grant a new trial on account of newly discovered evidence. This latter point may be ruled with a minimum of discussion before moving to the central issue of the case, the sufficiency of the evidence.

Bailey's theory of defense was that other men were involved in an attempted theft of the motorcycle and that he was an unwitting dupe in their efforts to load the machine on some other vehicle. In his new trial motion, Bailey contended a witness not available at trial would confirm the presence of two other individuals and a truck in the vicinity of the crimes on the night in question. That witness was called and testified in support of the new trial motion. Bailey contends a new trial should have been ordered to permit a jury to consider the additional evidence corroborative of his defense.

It is doubtful that error based on a claim of newly discovered evidence rises to the status of manifest injustice involving, as it does, the exercise of discretion by the trial court. The trial court has broad discretion in ruling on a new trial motion based on newly discovered evidence and that ruling will be left undisturbed, particularly if it appears the new evidence is not so material as to be likely to produce a different result. *State v. Tyler,* 587 S.W.2d 918, 928 (Mo.App.1979). Here, the trial judge heard the testimony and observed the demeanor of the witness and found the evidence not to be of critical value. After reviewing the facts which this witness related concerning two individuals and a truck observed in an alley, we cannot conclude that the trial court abused its discretion in refusing to grant a new trial for receipt of that evidence.

In the primary points questioning the sufficiency of the state's case, Bailey argues first that the proof as to all three charges failed to connect him with the crimes and, at best, engendered no more than a suspicion that it was he who entered the garage, removed the motorcycle and later set it on fire. Secondly, Bailey contends he could not be convicted of burglary in any event because the highway patrolman's garage was not a building or inhabitable structure as defined in the burglary statute, § 569.-170, RSMo 1978.

In his attack on the sufficiency of the state's evidence, Bailey generally argues that direct proof of his guilt was minimal, the case resting almost entirely on circumstantial evidence. He cites *State v. Siraguso,* 610 S.W.2d 338 (Mo.App.1980) for the proposition that a conviction must rest on something more than guess, suspicion or even probability of guilt. The evidence here, he says, was not substantial.

■ *State v. Siraguso, supra,* instructs, as do numerous other decisions, that proof of a crime by circumstantial evidence alone requires a symphysis of circumstances consistent with the hypothesis of guilt, inconsistent with innocence and exclusive of any reasonable hypothesis that the accused was innocent. As to the charge that it was Bailey who burned the motorcycle, the state's evidence was conjunctively direct and circumstantial. Bailey's assertion that he intended to burn a police motorcycle constituted direct evidence of the contemplated crime to which the final links were forged by the circumstances of Bailey's presence near the scene and the discovery of the burning motorcycle. His arguments as to the absence of sufficient evidence for submission of the intentional burning charge fail on two accounts. First, there was direct evidence from Bailey's own statement that he contemplated commission of the offense. Second, even were the case to depend entirely upon inference, the only hypothesis supported by the circumstances points to Bailey as the guilty instrument responsible for the burning. The evidence is susceptible of no reasonable construction pointing to Bailey's innocence. The trial court correctly submitted the charge of intentional burning for decision by the jury.

Evidence supporting the charges of burglary and stealing, however, was of an entirely different character and was readily conformable to an alternate hypothesis that some other party entered the garage and removed the motorcycle. This follows because no evidence whatever placed Bailey at or near the location of the garage and his possession of the motorcycle at the scene of the burning was deduced only by inference from his statement of an intention to set a motorcycle on fire to remove his fingerprints. The inferential possession of stolen property was some distance from the highway patrolman's garage and several hours after the motorcycle had last been seen there. As to the charges of burglary and stealing, the state's case was devoid of any direct evidence. It depended entirely upon the inference that if Bailey set the motorcycle on fire, he must have been the culprit who had earlier entered the garage and stolen it.

But the inference Bailey burglarized the garage is not the only inference, or even the more reasonable one, to be drawn from Bailey's implication in the burning of the motorcycle. An equally plausible conclusion from Bailey's request for aid in loading the motorcycle on some unidentified vehicle is that Bailey first came upon the motorcycle in the street after someone else had removed it from the garage, perhaps even as a prank and determined then to steal it. If, indeed, Bailey had taken the motorcycle from the garage, wheeled it into the street and down almost to the next block, why would he stop there to go and seek aid when he could continue on, at least to a place of concealment? The point is not that the facts require this alternate inference, but that it is a perfectly reasonable hypothesis consistent with Bailey's innocence on the charge of burglary.

■ As the opinion in *State v. Alexander,* 581 S.W.2d 389 (Mo.App.1979) points out, several inferences may be drawn from the same facts, if the facts support each inference, and an inference may be drawn from proven facts and from another inference. If, however, there are no facts supporting the inference, then proof of that element fails. This standard intends to guard against attenuated reasoning based on evidence too remote or uncertain or lacking in probative force. *Braun v. Roux Distributing Company,* 312 S.W.2d 758, 764 (Mo.1958).

Although Bailey was not seen in the act of setting the motorcycle on fire, the inference he did so is properly drawn from the

proven facts. Those facts were Bailey's own statement of his intent to set a motorcycle on fire and the subsequent discovery of a motorcycle found burning coupled with Bailey's presence in the vicinity. To the contrary, the charge that Bailey burglarized the garage and stole the motorcycle is supported by no proven facts but depends entirely on Bailey's implication in the burning. While the evidence requires the conclusion that someone must have removed the motorcycle from the garage, that circumstance alone makes no case against Bailey. Moreover, there was no direct evidence showing Bailey to have been in possession of the motorcycle. Bailey's possession was only deduced by inference from his statement of an intention to burn a motorcycle. Possession of recently stolen property was thus not a fact proven by direct evidence and, as an inference itself, affords no ground to infer that Bailey entered the garage to commit the burglary.

■ In short, the case against Bailey for burglary and stealing was supported by no proven facts whatever but depended entirely on speculation and conjecture. The trial court erred in submitting these offenses to the jury and his convictions on these counts must be reversed. Because such reversal is occasioned by insufficient evidence, acquittal is mandated. *State v. Wood*, 596 S.W.2d 394 (Mo. banc 1980), cert. denied, 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980).

As to Bailey's contention that no conviction for burglary could be had because the patrolman's garage was not a building or inhabitable structure as defined in the burglary statute, § 569.170, RSMo 1978, our conclusion that the state otherwise made no case against Bailey for burglary and stealing renders that point moot. We therefore express no opinion as to whether a three-sided structure without other enclosure to safeguard the contents constitutes a building within the compass of the burglary statute.

The judgment of conviction and sentence as to the offenses of burglary in the second degree and stealing is reversed and the defendant is ordered discharged as to those counts of the information. The judgment of conviction and sentence as to the offense of knowingly burning is affirmed.

SOMERVILLE, C.J., and SHANGLER and DIXON, JJ., concur.

PRITCHARD, J., concurs in part, dissents in part and concurs in dissent of MANFORD, J.

MANFORD and KENNEDY, JJ., concur in part and dissent in part in separate opinions.

MANFORD, Judge, concurring in part and dissenting in part.

I concur in that portion of the majority opinion which affirms appellant's conviction for knowingly burning the motorcycle, but I am unable to agree with the remainder of the majority opinion.

I specifically concur in the dissent of Judge Kennedy, but feel compelled to express my reasons for my disagreement with the majority.

The majority has elected not to address an important issue presented to this court. That issue is whether the garage wherein the motorcycle was housed was a building within the intent of our statutes.

This case presents yet another opportunity for our courts to eliminate the continued nonsense of distinguishing between various types of structures for the purpose of ascertaining whether a burglary has been committed. In the case of the history of the offense of burglary, the attention of the court has been directed too often to the type of structure as opposed to the commission of an offense. The emphasis for too long has been placed on the wrong element of the offense. A wrongful act, if committed, stands committed, whether the "structure" had walls, doors, locks, windows, or anything else. The result has been a legal absurdity. Instead of placing importance upon the protection of ownership, use and enjoyment of personal property, our courts have become mired in the design and configuration of structures. This type of thinking leads to some silly and inconsistent results.

Let's suppose, for a moment in this case, that there had been two motorcycles. Assume further that they belonged to two adjoining neighbors. Neighbor A has his motorcycle in an enclosure with four walls, roof, a door which is locked, and you can even throw in a couple of locked windows, if desired. Assume further, that Neighbor B has his motorcycle within his "carport" not attached to his house. Neighbor B could not afford to build an all-encompassing structure. Assume that both motorcycles are stolen. Under the historical approach to the question, if a burglary has occurred and the view is adopted by the majority, the theft of A's motorcycle would encompass burglary whereas the theft of B's would not. The question is not from what structure the property was taken, but whether A & B are both entitled to the same protection and enforcement of the law. Our courts have become so involved over "types of structures" that they have lost sight of importance of the moment, i.e., the unauthorized and wrongful entry upon the property of another.

This court has the opportunity, under a new Criminal Code, to clear up the inconsistency that has abounded in this area. The new Code has recognized the long-standing element of the danger to persons within a dwelling or building. See § 569.-160.1(2) & (3), RSMo 1979, Burglary in the First Degree. The new Code suggests that there be no distinction between the burglarizing of dwelling houses and other buildings, see *The New Missouri Criminal Code—A Manual for Court Related Personnel,* § 14.21. This court should take the bold step and conclude that any structure, regardless of its shape, size, design or security system is a building within the meaning and intent of the statute.

I would not only conclude that the garage in the instant case was a building within the term and meaning of the statute, but would, by the decision herein, hold that any "structure" wherein property was housed, either temporarily or permanently for safekeeping, shall be a building within the term and meaning of the statute. I would affirm appellant's conviction for burglary.

I cannot agree with the majority opinion concerning its finding that appellant was guilty of intentional burning, and by the same opinion, hold that the evidence was insufficient to convict him of stealing. Appellant challenges the evidence and asserts that it was so lacking that the issue should not have been submitted to the jury as a matter of law. The evidence revealed that appellant repeatedly sought help to load a motorcycle. The evidence reveals that the motorcycle was a police motorcycle. The majority acknowledges that appellant had dominion over the cycle for the purpose of burning it, but claims the evidence did not support his stealing of it.

This is a case of circumstantial evidence. Our courts have adopted the rule, in determining the sufficiency of the evidence, that we accept as *true all of the evidence on the record tending to support the finding of guilt, together with inferences which can be reasonably drawn therefrom and will disregard contrary evidence and inferences.* State v. Harris, 602 S.W.2d 840 (Mo.App. 1980), citing *State v. Morgan,* 592 S.W.2d 796 (Mo. banc 1980) (vacated on other grounds, 449 U.S. 809, 101 S.Ct. 56, 66 L.Ed.2d 12 [1980] ). Circumstantial evidence is sufficient to sustain a conviction, but "such facts in evidence relied upon to establish guilt must be consistent with each other and inconsistent with any reasonable theory of the innocence of the accused . . . (citations omitted). This rule is 'realistically tempered in its application since "in a case involving circumstantial evidence the circumstances need not be absolutely conclusive of guilt, and they need not demonstrate impossibility of innocence . . . the mere existence of other possible hypothesis is not enough to remove the case from the jury" ' ". *Harris* at 844.

As indicated by the majority opinion, the evidence revealed that appellant had dominion over the motorcycle. Indeed, the majority opinion makes use of this fact to support the conviction for burning. The majority opinion then concludes, *as a matter of law,* that the evidence was insufficient to sup-

port the burglary and theft. I cannot agree. The majority opinion cites *State v. Siraguso,* 610 S.W.2d 338 (Mo.App.1980) and agrees with appellant's contention that the evidence supports no more than a guess or suspicion of the burglary and theft. A summary of the evidence reveals that the highway patrolman housed the cycle in his garage. In the early morning hours, appellant, on at least four occasions, tried unsuccessfully to secure help from others to "load" the cycle. After his initial efforts to secure help failed, he threatened to burn the cycle and it was later found burning in the front yard of a neighbor two doors away. During the attempt to secure help in loading the cycle, appellant exercised control over it. At trial, he offered the defense that others had sought his assistance in loading it.

The majority opinion holds that since there was no direct evidence showing appellant had possession of the cycle, his possession can only be deduced from his statement of intention to burn it. The majority opinion then concludes that since possession of recently stolen property was not proven by direct evidence "and, as an inference itself, affords no ground to infer that Bailey entered the garage to commit the burglary." The majority opinion then asserts that "burglary and stealing was supported by no proven facts whatever but depended entirely upon speculation and conjecture." I cannot agree.

Appellant disclosed to those from whom he sought help to load the cycle that if he could not get it loaded, he would burn it. Additionally, he alerted these same persons to listen for the town fire alarm, which sounded shortly after his last encounter with these persons. The majority opinion further concludes that "[w]hile the evidence requires the conclusion that someone must have removed the motorcycle from the garage, that circumstance alone makes no case against Bailey." The evidence supports a conviction (even under the majority view) for the burning of the cycle. That same evidence supports a finding that appellant had dominion or possession of the cycle. There was evidence of a burglary of the garage and stealing of the cycle. There was evidence that appellant had possession of recently stolen property (i.e., the cycle for purposes of either loading it or burning it), and the majority opinion must agree that this is so in order to support its finding of burning. The unexplained possession of the stolen property would support a finding of guilt for burglary and stealing. *State v. Myers,* 551 S.W.2d 312 (Mo.App.1977) and *State v. Denison,* 352 Mo. 572, 178 S.W.2d 449 (1944).

Appellant offered evidence of others having the cycle and of burning it. The prosecution was not required to remove all possibility of appellant's innocence. Even under *Siraguso* and *Harris,* the circumstantial evidence revealed a symphysis of circumstances consistent with a hypothesis of guilt and the mere existence of other possible hypothesis is not enough to have removed this case from the jury. The jury, as fact finder, bridged the mental and logical gap which the majority opinion appears unable to transverse under the whole of the facts and circumstances herein.

I agree with the majority opinion that the trial court did not abuse its discretion in denying a new trial upon alleged newly discovered evidence.

I would affirm the conviction for burglary and stealing along with the conviction of intentional burning.

KENNEDY, Judge, concurring in part and dissenting in part.

I concur with Judge Clark's opinion affirming appellant's conviction of a knowing burning of the motorcycle, but I am unable to agree with the reversal of the judgment of conviction for burglary and stealing.

The opinion holds that the evidence, though sufficient to support a conviction of knowingly burning the motorcycle, was insufficient to prove its stealing from the garage.

Here is the appellant, asserting dominion over the motorcycle in the wee hours of the night, seeking help to load it. Failing to

get help to load it, he sets it afire. The machine is located 100 yards from where its owner left it snugly parked in the garage between 9 o'clock and 10:30 o'clock of the previous evening. The principal opinion says that someone else might have stolen it from the garage, or removed it as a prank, and placed it out on the street, where the defendant found it and decided he would either load it (presumably to haul it away) or burn it. That is farfetched, though, and the jury was not bound to accept it. The state does not have to eliminate all possibility of the defendant's innocence. It seems to me that we have an analogy in the cases which hold that the unexplained possession of recently stolen property supports a conviction for burglary and for stealing, and that those cases support the conviction of the defendant for burglary and stealing in this case. *State v. Myers,* 551 S.W.2d 312 (Mo.App.1977); *State v. Denison,* 178 S.W.2d 449 (Mo.1944).

I would affirm the convictions of burglary and stealing as well as the conviction for burning the motorcycle.