**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Harold MONTGOMERY,
Defendant-Appellant.**

**No. 40767.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 27, 1979.

Robert Babione, Public Defender, Blair K. Drazic, Lydia R. Glasgow, Asst. Public Defenders, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Gordon L. Ankney, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Presiding Judge.

Harold Montgomery, defendant, was convicted of operating a motor vehicle without the owner's consent contrary to § 560.175(1) and § 560.180(1), RSMo 1969 (since repealed). He was sentenced to three years by the trial court in accordance with the jury recommendation.

Defendant's sole point on appeal is that the trial court erred in allowing the State to amend the information at the close of the evidence to conform thereto. The information was amended by interlineation of the words "or on or about May 16, 1977." The effect of the amendment was to add another date upon which the crime could have been committed. There was nothing delet-ed from the original information by the amendment.[1] Specifically, defendant argues that such addition constituted an impermissible amendment under Rule 24.02 in that it charged him with an additional offense.

Amendment of informations is within the trial court's discretion provided the amendment does not charge the defendant with a different or additional crime nor prejudice his rights. *State v. Huffer*, 424 S.W.2d 776, 780 (Mo.App.1968).

In a case such as this one, where the date of commission is not essential to the crime charged we find no abuse of discretion by the trial court in allowing an amendment which merely added another date to the original information. *State v. Snyder*, 502 S.W.2d 339, 342 (Mo.1973). The defendant was charged with the same offense after amendment as before.

In his brief on appeal, the defendant concludes that he suffered surprise by the amendment and that he was unable "to prepare to meet the additional date of the alleged offense". This conclusion is totally unsupported by factual allegations and is unpersuasive in light of the fact that the defendant presented no evidence for his defense as to any of the dates listed in the information.

The cases cited by the defendant do not support his position. We find the amendment to conform the information to the evidence was proper and well within the trial court's discretion in that the defendant was not charged with a different or additional crime nor were his rights prejudiced.

Affirmed.

CRIST and REINHARD, JJ., concur.

1. The pertinent section of the information as amended reads as follows:

   That Harold Montgomery . . . between 9:40 p. m. on the 13th day of May, 1977, and 3:00 a. m. on the 14th day of May, 1977, or on or about May 16, 1977 . . . did . . operate a motor . . . without the permission so to do of . . .