STATE of Missouri,
Plaintiff-Respondent,

v.

Hubert BROWN, Defendant-Appellant.

No. 11749.

Missouri Court of Appeals,
Southern District,
Division Three.

April 13, 1981.

Motion for Rehearing or Transfer
Denied April 30, 1981.

Application to Transfer Denied
June 8, 1981.

John D. Ashcroft, Atty. Gen., Suzanne M. Boersig, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Phillip J. Barkett, Jr., Dempster, Fuchs & Barkett, Sikeston, for defendant-appellant.

BILLINGS, Presiding Judge.

Defendant Hubert Brown was found guilty by a Scott County jury of stealing property of a value of more than $150 and sentenced by the court as a persistent offender to a six-year term in the custody of the Department of Corrections. We affirm.

The state's evidence was that defendant and a companion stole a motor truck. Defendant offered no evidence.

The jury verdict, arrived at in ten minutes, was returned February 27, 1980. No application for an extension of time within which to file a motion for new trial was filed by the defendant but the court announced defendant was granted until March 25 to file such a motion. Defendant's motion for a new trial was filed March 25.

Rule 29.11, V.A.M.R., effective January 1, 1980, provides that a motion for a new trial in a criminal case *shall* be filed within 15 days after the return of the verdict but, on application of the defendant and for good cause shown, the time for filing such motion may be extended by the court for one additional period not to exceed ten days. Thus, the maximum time period allowable under the rule for filing a motion for new trial is limited to 25 days after the return of the verdict. Defendant's motion for a new trial was untimely

filed inasmuch as it was not filed until the 26th day after the return of the verdict. The trial court was without authority to extend the time beyond that mandated by the rule. *State v. Crow,* 388 S.W.2d 817 (Mo.1965), cert. denied, 383 U.S. 914, 86 S.Ct. 901, 15 L.Ed.2d 668 (1966); *State v. Weeks,* 546 S.W.2d 567 (Mo.App.1977). Neither the parties nor the court can waive the requirements of the rule. *State v. Rapp,* 412 S.W.2d 120 (Mo.1967); *State v. Weeks, supra.* Having been filed beyond the permissible length of time, defendant's motion for a new trial was unauthorized and preserved nothing for appellate review. *State v. Felkins,* 599 S.W.2d 955 (Mo.App. 1980).

We have reviewed the trial transcript, the legal file and the briefs of the parties. Because we have concluded there was no manifest injustice or miscarriage of justice in this case we do not deem it necessary to undertake plain error review, under Rule 30.20, V.A.M.R., of defendant's points.

The judgment is affirmed.

All concur.