STATE of Missouri,
Plaintiff-Respondent,

v.

Robert McKEE, Defendant-Appellant.

No. 43012.

Missouri Court of Appeals, Eastern District,
Division Two.

July 20, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Terry J. Flanagan, Joan M. Burger, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robt. Otto, Kristie Green, Asst. Attys. Gen., Jef-

ferson City, William N. Seibel, Jr., Asst. Pros. Atty., St. Charles, for plaintiff-respondent.

DOWD, Presiding Judge.

Defendant, Robert McKee, appeals his conviction and seven year sentence for sale of a controlled substance (marijuana) in violation of Section 195.020, RSMo 1978. We affirm.

During voir dire, two members of the venire panel expressed concern over the range of punishment for the sale of marijuana. Each stated that regardless of the evidence, she would be unable to assess a punishment within the range of five years to life imprisonment. The trial court sustained the prosecutor's challenges for cause and excused the two veniremen over defendant's objections.

At trial, the defense moved to exclude police testimony concerning the procedure used to identify defendant because the procedure was unreliable and was not disclosed prior to trial. Defendant also moved to exclude any in-court identification because of the pretrial identification procedure. After allowing voir dire examination of Trooper Hug, the trial court overruled the motion to exclude.

The state's evidence showed that Troopers Hug and Lee were working undercover with a narcotics unit of the Missouri Highway Patrol on April 4, 1979. That night they went to a bar where an unwitting informant introduced Hug to a man called Bobby. Trooper Hug and Bobby went outside and entered an auto parked in front of the bar. When Trooper Lee joined them, the officers gave Bobby $17.50 for a small bag of marijuana. Upon leaving the auto, Hug noted its license plate number. He later learned that the license was issued to Charles McKee.

Trooper Hug and the seller were together for approximately fifteen minutes. Hug described the seller as a black male about five feet, ten inches tall, weighing about one hundred and fifty pounds, having a fairly light complexion, and wearing a red silk shirt and blue jeans. Hug assumed the seller's name was Robert since he had been introduced as "Bobby". Because Bobby had the keys to an auto registered to Charles McKee, Hug searched Department of Revenue records for a driver's license issued to Robert McKee. The search revealed two black Robert McKees in Missouri. After viewing the two driver's license photographs, Hug identified defendant as the seller. Hug identified defendant at a preliminary hearing approximately eight months after the sale, and again at trial over defense objection.

On appeal defendant asserts that the trial court erred in (1) not excluding defendant's driver's license photograph and the identification procedure testimony, (2) sustaining the state's challenge for cause against two veniremen, and (3) not excluding in-court identification of defendant.

■ Before reaching the merits we must determine whether any of the issues are preserved for review by the timely filing of a motion for new trial. *State v. Bainter,* 608 S.W.2d 429, 430 (Mo.App.1980). Rule 29.11(b) provides that a motion for new trial shall be filed within fifteen days after the return of the verdict, but the trial court may extend the time for filing for a period not to exceed ten days. The maximum time allowed, therefore, is twenty-five days. In this case the trial court granted defendant thirty-nine days, and defendant took thirty-six days, to file his motion for new trial. The court was without authority to extend the time beyond that provided by the rule. *State v. Brown,* 615 S.W.2d 626, 627 (Mo.App.1981). Defendant's untimely motion preserved nothing for review. *Id.*

■ We have discretion to consider plain errors affecting substantial rights which result in manifest injustice or miscarriage of justice. Rule 29.12(b); *State v. Hudgins,* 612 S.W.2d 769, 769 (Mo.1981). We find no plain error, however.

■ Defendant first contends that the trial court erred in refusing to exclude the driver's license photograph and the identification procedure testimony, and abused its

discretion in not applying an alternative sanction under Rule 25.16, because the state failed to disclose the evidence prior to trial in violation of the discovery rule. The test, however, is whether the state's failure to disclose resulted in fundamental unfairness or prejudice to defendant. *State v. Smothers,* 605 S.W.2d 128, 131 (Mo.banc 1980); *State v. Bizzle,* 608 S.W.2d 111, 113 (Mo. App.1980). After considering the nature of the charge, the evidence presented, and the role the undisclosed evidence might have played in the preparation of a defense, we find the court properly exercised its discretion. *State v. Bizzle,* 608 S.W.2d at 113.

Defendant had an opportunity to voir dire Trooper Hug and to examine the photograph before admission of this evidence to trial. Defendant did not request a recess or a continuance to prepare a defense. The trial court was in the best position to assess the prejudicial effect of the failure to disclose and to determine an appropriate remedy. *Id.* The admission of the evidence was not plain error.

■ Defendant also asserts that the trial court erred in not excluding the in-court identification because it was rendered unreliable by an out-of-court identification procedure so suggestive as to result in a substantial likelihood of misidentification. We disagree. Even if the initial identification procedure was suggestive, reliability rather than suggestiveness determines the admissibility of identification testimony. *State v. Higgins,* 592 S.W.2d 151, 160 (Mo. banc 1979). We must assess the reliability of the in-court identification under the "totality of the circumstances," including: the witness' opportunity to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the witness' level of certainty, and the length of time between the crime and the confrontation. *Neil v. Biggers,* 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972); *State v. Higgins,* 592 S.W.2d at 160.

■ Trooper Hug, an undercover agent trained to observe, spent about fifteen minutes with the seller, inside a bar with average lighting and in the front seat of an auto. He accurately described the seller in his police report; that description, though more general, did not conflict with the description Hug offered at trial. Trooper Hug selected defendant's photograph two or three days after the sale, and Trooper Lee agreed that it depicted the seller. Eight months later Hug identified defendant at the preliminary hearing, and both officers positively identified him at trial. Neither three days between the sale and the photograph examination nor eight months between the sale and the first physical confrontation rendered the identification unreliable. *Manson v. Brathwaite,* 432 U.S. 98, 115–16, 101–02, 97 S.Ct. 2243, 2253–54, 2246–47, 53 L.Ed.2d 140 (1977). Having considered these factors, we find that admission of the in-court identification was not plain error.

Defendant further contends in three arguments that the trial court erred in sustaining the state's challenges for cause against two veniremen because a prosecution-oriented jury resulted, thereby denying his right to a fair and impartial trial.

■ Relying on *State v. Mace,* 262 Mo. 143, 170 S.W. 1105 (1914), defendant argues first that the court erred in sustaining the challenges because the prosecutor did not state with particularity the reasons for the challenges. *Mace* did not hold, however, that a court errs in sustaining general challenges; it held that general challenges preserve nothing for review. 170 S.W. at 1108. Examining the pertinent part of the transcript, we find that both the trial court and defendant had sufficient notice of the reasons for challenge.

■ Defendant argues second that the trial court erred in excusing the veniremen without obtaining from them an unequivocal statement that they could not follow the court's instructions. Finally, defendant argues that the court erred in dismissing the veniremen because they expressed concern about the range of punishment for marijuana sale, not about its criminality. Therefore, defendant contends, the court could

have imposed a sentence if the jury returned a guilty verdict but could not agree on a punishment.

The trial court did not commit plain error in sustaining the challenges for cause. The veniremen stated that they would be unable to assess a punishment within the range of five years to life because it was too harsh. The ruling was discretionary and we find no clear abuse. *State v. Ball*, 591 S.W.2d 715, 715 (Mo.App.1979).

The judgment is affirmed.

GUNN and CRANDALL, JJ., concur.