**STATE of Missouri, Plaintiff-Respondent,**

v.

**Larry HAWKINS, Sr., Defendant-Appellant.**

No. 12781.

Missouri Court of Appeals, Southern District, Division One.

Jan. 18, 1983.

John D. Ashcroft, Atty. Gen., Kristie Green, Kirk Lohman, Asst. Attys. Gen., Charles Smarr, Law Student (appearing under Rule 13), Jefferson City, for plaintiff-respondent.

Harry R. Stafford, Jr., Hartville, for defendant-appellant.

TITUS, Judge.

■ On January 12, 1982, defendant was jury-convicted of selling marijuana (also spelled marihuana) in violation of §§ 195.-020 and 195.200.1(4)[1] and, per the verdict, was sentenced to imprisonment for a term of five years. On the same date the court granted defendant "40 days to file Motion for new trial." The motion was in fact filed on Monday, February 22, 1982, which was on the 40th day after trial when computed in accordance with Rule 20.01(a). However, under Rule 29.11(b), effective January 1, 1980, the Court had authority to grant defendant no more than a total of 25 days in which to file the motion for a new trial. *State v. Roland,* 619 S.W.2d 771, 773[2] (Mo.App.1981). Having been filed beyond the permissible length of time, defendant's motion for a new trial preserved nothing for appellate rule. *State v. Brown,* 615 S.W.2d 626, 627 (Mo.App.1981). As per Rule 30.20 we have reviewed the information, verdict, judgment and sentence and find them sufficient. Nevertheless we will briefly review defendant's lone point relied upon to ascertain whether plain error may have occurred affecting substantial rights resulting in manifest injustice or a miscarriage of justice. *State v. Weeks,* 546 S.W.2d 567, 570[4] (Mo.App.1977).

The single issue raised by defendant on appeal is whether the trial court erred in not dismissing the information upon defendant's motion because trial had not commenced within 180 days of arraignment as mandated by § 545.780 a/k/a the Speedy Trial Act.

## CHRONOLOGY

*June 9, 1981* (1) Defendant arraigned in the Circuit Court of Webster County and

---

1. Statutory references are to RSMo 1978. Rule references are to Missouri Rules of Criminal Procedure, V.A.M.R.

pleaded not guilty. (2) Defendant's application for change of venue was granted and the cause was transferred to the Circuit Court of St. Clair County.

*July 17, 1981* (38 days after arraignment and transfer ordered)—Transcript on change of venue received by the Circuit Court of St. Clair County.

*August 3, 1981* (17 days after transcript received in St. Clair County)—Defendant appeared in court and cause set for trial for November 12, 1981.

*September 21, 1981* (49 days after case set for trial)—Defendant files motion to suppress evidence.

*November 2, 1981* (42 days after motion to suppress was filed)—Evidence on motion to suppress evidence heard and motion overruled.

*November 12, 1981* (Day case originally set for trial)—Cause continued for trial to January 12, 1982.

*December 31, 1981* (205 days after arraignment)—Defendant files motion to dismiss information under § 545.780.

*January 12, 1982* (217 days after arraignment and 12 days after motion to dismiss was filed)—Defendant's motion to dismiss information overruled and cause tried.

■ When, as here, a defendant pleads not guilty upon arraignment, § 545.780 provides the trial shall commence within 180 days thereof. However, the statute further provides that certain times of delay shall not be included in computing the 180 day period. Among the times not to be calculated are delays resulting from a change of venue and those resulting from hearings on pretrial motions. Albeit the statute uses "shall" in declaring the time within which the trial is to commence, paragraph 5 thereof states: "If a defendant is not brought to ... trial within the time limit required by this section, the trial judge *may* dismiss the information or indictment upon motion by the defendant and a showing by defendant that the failure to have the trial commence within time limits specified herein was occasioned by the state." (Emphasis supplied). In other words, if a defendant is to

receive succor under the statute he has the burden of not only showing that more than 180 computable days have passed since arraignment but the additional burden of showing that the failure to bring him to trial within the time was "occasioned" by the state. *State v. Franco,* 625 S.W.2d 596, 601 (Mo.1981); *State v. Newberry,* 605 S.W.2d 117, 123–124[9] (Mo.1980). As noted in *State v. Richmond,* 611 S.W.2d 351, 357 (Mo.App.1980), the word "occasioned" means something less than "caused" so that a "delay may be 'occasioned' by the state by mere neglect, by failure actively to move the case forward, by simple inertia, when the delay could not be said to have been 'caused' thereby."

■ Trial delay caused by a change of venue taken by defendant or by unruled motions filed by the defendant is not the responsibility of the state. Proof should show which party acted to advance and which delayed disposition or if the delay was merely that normally incident to the pretrial relief sought. Under the statute, defendant has the initial burden of showing that the state was responsible for the delay and if he fails he has made no case for discretionary consideration of the penalty of dismissal. We view 38 days as an inordinate length of time for the clerk of the Circuit Court of Webster County to transmit the transcript on the change of venue to his counterpart in St. Clair County. Nonetheless, we cede that some time is required for the task and opine that short of a contrary showing, 10 days should be sufficient to effect the transfer. As to the motion to suppress evidence, defendant has made no showing that his pretrial motion filed September 21 was not ruled until November 2 because of any act or omission of the state or that he was thwarted in any undertaking to obtain an earlier ruling thereon. The elapsed time of 42 days between filing the motion and the hearing and ruling thereon can hardly be viewed as abnormal or tardy in a circuit consisting of three counties served by a single regular circuit judge. On the record presented and considering only the 42 day delay occa-

sioned by defendant's motion to suppress, the trial was held on the 175th day after arraignment and within the 180 days prescribed by law. Defendant was not entitled to successfully invoke the sanctions of § 545.780 because he failed to meet the requirement of showing the delay of trial beyond 180 days was occasioned by the state. *State v. Ratliff,* 633 S.W.2d 267, 270[3–4] (Mo.App.1982).

Judgment affirmed.

FLANIGAN, P.J., GREENE, C.J., and CROW, J., concur.