**STATE of Missouri, Respondent,**

v.

**Alvin MITCHELL, Appellant.**

No. 46018.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 21, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 29, 1983.

Timothy H. Battern, Bridgeton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted of receiving stolen property with a value of more than $150.00 in violation of § 570.080, RSMo. 1978, and was sentenced to eight years imprisonment as a persistent offender, § 558.-016, RSMo.1978. The defendant appeals. We affirm.

The evidence showed that on February 25, 1981, Dorthella Jackson left her apartment at approximately 8:45 a.m., and when she returned around 3:45 p.m. she discovered that her apartment had been burglarized. Among the items taken were a color television set and two black and white portables, which Ms. Jackson estimated to be worth at least $400.00.

On the same day at approximately 11:00 a.m., Officer Robert Loehr noticed a car turning the wrong way down a one-way street. The officer briefly lost sight of the car when it turned into a parking lot, but shortly afterwards he again spotted the car parked on the lot. When the officer approached the car, he found the defendant inside with the three stolen television sets

sitting on the front and back seats. The officer advised the defendant of his rights and then asked him where the sets came from. The defendant first replied that the sets belonged to his aunt, mother and sister. When the officer sought to elicit information to verify this claim, however, the defendant admitted that he had obtained the sets from "Red." The officer knew "Red" to be a local fence and drug dealer and he placed the defendant under arrest.

The defendant testified in his behalf. He admitted purchasing the three sets for $75.00. He further admitted that he regarded $75.00 as an unusually low price for three television sets but denied that he knew they were stolen.

■ In defendant's principal point on appeal, he contends the trial court erred in denying his motion to dismiss because the state failed to bring him to trial within 180 days of his arraignment as required by the Missouri Speedy Trial Act, § 545.780.2, RSMo.Supp.1982. The defendant's trial began 320 days after his arraignment.

Section 545.780.3(5)(a), RSMo.Supp.1982, permits the trial judge to exclude continuances from the 180 day period if he finds "that the ends of justice served by taking such action outweigh the benefits of a speedy trial" and he sets out the reasons for his findings in the record. Subsection 5 provides that if defendant has not been brought to trial within the time limit, the judge may dismiss the information upon a showing that the delay was occasioned by the state.

Defendant admits that 135 days of the 320 day delay were the result of defense continuances. Defendant contends, however, that these continuances cannot be excluded because the trial judge failed to place into the record the required findings and reasons.

The legal file submitted by the defendant does not include the trial court's orders granting the defendant's continuances. These orders are, however, included in the state's supplemental legal file and they do contain findings and reasons which are sufficient to satisfy the statutory requirements for exclusion. Moreover, because these continuances were initiated by defendant's own actions, he has failed to show the delay of trial was occasioned by the state. See State v. Lane, 642 S.W.2d 935, 939 (Mo.App. 1982); § 545.780.5, RSMo.Supp.1982. Thus, we conclude that the 135 days attributable to defense continuances should be excluded in computing the 180 day period. This exclusion reduces the delay from 320 days to 185 days.

The statute also provides for the exclusion of "delay resulting from trials with respect to other charges against the defendant." § 545.780.3(1)(b), RSMo.1978. One of the defendant's trial dates was postponed 28 days because the defendant was scheduled to be tried on other charges the week of his trial. We have concluded that at least five days of this period may be excluded from the statutory limit, reducing the delay period to 180 days. See State v. Johnson, No. 32692 (Mo.App.W.D. March 8, 1983); State v. Hawkins, 645 S.W.2d 739, 741 (Mo.App.1983). As a result, the defendant fails in his claim that the state violated his statutory right to a speedy trial.

■ In his second point, the defendant challenges the sufficiency of the evidence. To be guilty of receiving stolen property one must receive, retain or dispose of property of another knowing or believing that it has been stolen, § 570.080.1, RSMo.1978. The defendant claims that the state failed to prove that he knew or believed that the goods were stolen. On appeal we must consider the facts in evidence and all favorable inferences reasonably drawn therefrom in the light most favorable to the state casting aside contrary evidence and inferences. State v. Turner, 623 S.W.2d 4, 6 (Mo. banc 1981).

While it is true that there was no direct evidence that the defendant knew that the sets were stolen, such knowledge is rarely proven directly and may be inferred from the facts and circumstances in the evidence. State v. Hayes, 597 S.W.2d 242, 248 (Mo. App.1980). Included among the facts and

circumstances which may be considered is the defendant's recent possession of the stolen property and whether he made false statements or exhibited suspicious behavior regarding his possession of the goods. *State v. McCoy,* 647 S.W.2d 862 (Mo.App. 1983); *State v. Sours,* 633 S.W.2d 255, 258 (Mo.App.1982). Furthermore, the statute expressly provides that evidence that defendant acquired the property for a consideration which he knew was far below the reasonable value of the property is admissible to establish defendant's knowledge or belief. § 570.080.2(3), RSMo.1978. *See State v. Wood,* 553 S.W.2d 333, 335 (Mo. App.1977).

Here, the defendant's recent possession of the stolen property, his contradictory statements to the police regarding his possession and his own testimony that $75.00 was an "unusually low price" for three television sets constituted sufficient evidence to warrant the jury's finding that the defendant knew or believed that the property was stolen.

█ In his final point the defendant contends that the court violated Rule 23.08 by allowing the state to amend the caption of the information from "retaining stolen property" to "receiving stolen property" after all the evidence had been presented. Rule 23.08 allows amendment of an information at any time before verdict if an additional or different offense is not charged and if a defendant's substantial rights are not thereby prejudiced. The defendant argues that this change in the information constituted a charging of a different offense to the prejudice of his substantial rights.

At the time of trial, the caption of the amended information charged defendant with "RETAINING STOLEN PROPERTY OVER $150.00." The body of the information alleged that defendant "in violation of Section 570.080, RSMo, ... with the purpose to deprive the owner of three television sets, *retained* such property...." At the close of all the evidence, the state was permitted to amend the title of the change to "RECEIVING STOLEN PROPERTY OVER $150.00." The body of the information was not changed. The state's verdict director required the jury to find beyond a reasonable doubt that the defendant retained property of another and at the time defendant retained the property he knew or believed it had been stolen.

Section 570.080, RSMo.1978, is titled, "Receiving Stolen Property." In *State ex rel. Westfall v. Campbell,* 637 S.W.2d 94, 97–98 (Mo.App.1982), we held it was the legislature's intent to create the single offense of receiving stolen property which could be committed by doing any one of three acts: receiving, retaining or disposing of stolen property knowing or believing it to be stolen. From the beginning, the defendant has been charged under § 570.080. Before and after the final amendment of the information, the body of the information charged that the defendant violated the statute by retaining stolen property. The court's instructions to the jury were consistent with the body of the information.

The change of the caption of the information from "retaining stolen property" to "receiving stolen property" did not constitute the charging of a different offense, but rather it merely supplied the proper title to the statute under which the defendant had always been charged. This change in no way prejudiced the defendant. The trial court did not abuse its discretion in permitting the state to amend the information caption. *State v. Montgomery,* 590 S.W.2d 697 (Mo.App.1979).

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.