**STATE of Missouri, Respondent,**

v.

**Larry SLOAN, Appellant.**

**No. WD 34358.**

Missouri Court of Appeals,
Western District.

Jan. 17, 1984.

James R. Sandifar, John Edward Cash, Kansas City, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P.J., and NUGENT and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

The defendant Sloan was jury convicted on one count of stealing property (livestock) of over $150 as contained in Section 570.030 RSMo.1978[1] and sentenced to three years confinement in the Division of Corrections. This charge had been severed from another count charging stealing a combine for which Sloan had been found guilty, the appeal of which was affirmed by this court. The present case was tried before Judge Bellamy pursuant to a Supreme Court order transferring him to sit as judge of the 8th Circuit, pursuant to Sloan's motion for change of judge which followed his application for change of venue.

The information charged Sloan with stealing a number of cattle from the Vern Davis farm in Ray County on September 19 and September 30, 1981. The sufficiency of the evidence against Sloan is not an issue on appeal. The facts show that Tom Umphrey, who testified for the state, and Sloan drove around Ray County looking for a good place to steal cattle. They decided the Davis farm was a good place since the barn where the cattle were located couldn't be seen by neighbors. Umphrey and his wife rounded up seven to nine cattle and then with Sloan loaded them into Sloan's truck and trailer. The cattle were taken to Sloan's farm late in the evening. The next morning Umphrey and Sloan took them to Chillicothe and sold all except one unusual animal which was sold in Kansas City. The cattle stolen on the 30th were sold in St. Joseph. Some of the sales tickets from both thefts were in Umphrey's name and some in Sloan's. Umphrey pleaded guilty on the cattle theft charges.

Sloan said Umphrey had brought cattle to him but claimed they belonged to Umphrey's father, but that he split the proceeds for pasturing the cattle on his land. Sloan testified to being at home on the days the cattle were taken. His submitted instruction on his not being present at the time and place of the offense, MAI–CR2d 3.20, was given to the jury.

Review in this case is limited to plain error under Rule 29.12(b) since the motion for new trial was not filed within the time allotted by Rule 29.11(b). The defendant had fifteen days from verdict, unless for good cause an extension of ten days was granted, to file the new trial motion. Sloan asked for additional time, and was given a total of thirty days to file, well beyond the maximum of twenty-five allowable under the rule. He filed his motion more than twenty-five days after the verdict, and asks for some type of consideration since the trial court gave him, "an excessive extension of time to file post-trial motions. . . ." Under *State v. Bailey,* 645 S.W.2d 211, 212 (Mo.App.1983), a trial court

---

1. Unless otherwise noted, all statutory references are to RSMo.1978.

is not empowered to waive or extend the time to file a new trial motion. Having filed beyond the permissible time *nothing in the motion is preserved,* but will be reviewed only under the plain error standard. *State v. Hawkins,* 645 S.W.2d 739, 740 (Mo. App.1983); *State v. Brown,* 615 S.W.2d 626, 627 (Mo.App.1981).

Sloan first contends MAI–CR2d 2.37 should have been given. Part two of this instruction covers a "claim of right" defense under Section 570.070 RSMo.1978 [2] to a stealing charge under Section 570.030. He says an instruction should have been given to the effect that if he had an honest belief "he had the right to transport the cattle to market," and as such he acted under a claim of right for the rightful owner, Umphrey, and must be found not guilty.

■ The first fallacy in Sloan's argument is that he was charged with stealing, i.e., appropriating the owner's cattle without consent. The evidence showed him appropriating and taking the cattle from the Davis farm. His defense to that was alibi—that he was at home. His admitting to transporting the cattle and accepting proceeds from their sale under a claim of right does not tend to negate the act charged, that he took the property from the Davis farm. He did submit an instruction that it was the state's burden to prove beyond a reasonable doubt the defendant was present at the time and place the offense was alleged to have been committed. He did not submit any claim of right instruction on his taking the property. After trial he seeks to ascribe plain error to the court's not submitting a claim of right instruction as to his transporting and selling the property. When Section 570.070 says "[T]he defendant should have the burden of injecting the issue of claim right"[.], the defendant can hardly have injected the issue if he does not tender such an instruction. Further, this assertion is totally inconsistent with his alibi defense.

Additionally, Sloan's point lacks merit and does not rise to plain error under the rationale of *State v. Quisenberry,* 639 S.W.2d 579 (Mo. banc 1982), even had he requested a claim of right instruction. The testimony of Umphrey was that he did not own the cattle, but took them along with Sloan. The only evidence as to Umphrey's alleged ownership was the testimony of Sloan. Under *Quisenberry:*

> If the unadorned self-serving statements of the defendant or principal were sufficient to "inject the issue," there would be virtually no evidentiary burden on the defendant. To warrant submission of the claim of right defense, there must be, apart from testimony of the defendant or principal as to his subjective belief, sufficient evidence to enable the court to infer that the relevant person *honestly* held that belief. (footnote omitted) *Id.* at 584. (Emphasis in original.)

The court said further,

> The naked assertion of an honest belief in a legal right, unsupported by any evidence of facts or circumstances from which such a belief might reasonably be inferred, is insufficient to satisfy the defendant's burden of injecting the issue of claim of right under Section 570.070. *Id.* at 585.

Therefore, Sloan was not entitled to this instruction even if requested, as there was insufficient evidence lending credence to his having acted under a claim of right.

■ Sloan's last point is a conglomerate of matters basically saying the trial court committed error in allowing the prosecutor in his questions to imply certain facts not in evidence and to ask inflammatory and prejudicial questions. This point as earlier noted is not preserved. These matters were not in the belated motion, were not objected to at trial, and are raised for the first time

---

2. 570.070. 1. A person does not commit an offense under section 570.030 if, at the time of the appropriation, he

(1) Acted in the honest belief that he had the right to do so; or

(2) Acted in the honest belief that the owner, if present, would have consented to the appropriation.

2. The defendant shall have the burden of injecting the issue of claim of right.

in his brief. *See State v. Dayton,* 535 S.W.2d 469, 476 (Mo.App.1976). Suffice it to say no error, plain or otherwise, resulted. Sloan's point is denied.

The judgment of conviction is affirmed.

All concur.