STATE of Missouri,
Plaintiff-Respondent,

v.

Arvin Junior GARRETT,
Defendant-Appellant.

No. 10843.

Missouri Court of Appeals,
Springfield District.

May 15, 1978.

John D. Ashcroft, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Blair Buckley, Jr., Public Defender, Caruthersville, for defendant-appellant.

PER CURIAM.

Arvin Junior Garrett, aka Jim Garrett, was jury-convicted of first degree murder and, in accordance with the verdict, was sentenced to life imprisonment.

■ Defendant's utter disregard of the rules of the Supreme Court, V.A.M.R., relating to matters in the circuit court and in this court would justify a simple dispatch of the appeal for rule violations. Rule 27.20(a) mandates that "A motion for new trial shall be in writing and must set forth in detail and with particularity, in separate numbered paragraphs, the specific grounds or causes therefor." As filed, the motion stated that defendant should have a new trial and that the trial court erred in denying his motions for judgment of acquittal filed at the close of the state's case and at the close of all the evidence because the state had failed to prove "the elements of the crime alleged in the information beyond a reasonable doubt." We observe initially that after the motion for judgment of acquittal at the close of the state's case was overruled, the defendant offered evidence in his own behalf. This action served to waive any claim of error as to the denial of his motion filed at the conclusion of the state's case. *State v. Lewis,* 526 S.W.2d 49, 52[1] (Mo. App.1975); *State v. Winters,* 525 S.W.2d 417, 424[13] (Mo.App.1975); *State v. Mulkey,* 523 S.W.2d 145, 147[3] (Mo.App.1975); *State v. Benfield,* 522 S.W.2d 830, 831[1] (Mo.App.1975). Also, an assertion that a new trial or that a motion for judgment of acquittal should have been granted because the state failed to prove the elements of the charged crime beyond a reasonable doubt, is simply another way of claiming that the conviction was contrary to the weight of the evidence and represents the epitome of conclusionary assertions shorn of any particular or specific grounds for the trial court's averred errors. *State v. Amerson,* 518 S.W.2d 29, 31[1] (Mo.1975); *State v. Lamaster,* 534 S.W.2d 574, 578[5] (Mo.App. 1976).

Rule 81.03 states that the "party appealing shall be known as the appellant, and the adverse party as the respondent, *but the title of the action shall not be changed in consequence of the appeal.*" (Emphasis supplied). Contrary to this rule, defendant's brief comes to us entitled: "Arvin Junior Garrett, Appellant, vs. State of Missouri, Respondent."

■ Defendant's brief also arrives in form which represents a complete disregard of the requirements of Rule 84.04. Subsection (c) of that rule provides: "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. Such statement of facts may be followed by a résumé of the testimony of each witness relevant to the points presented." The fault in defendant's brief as regards Rule 84.04(c), is simply that the "Statement of Facts" portion does not contain a statement of facts—it contains only a résumé of each witnesses' testimony which does not sate the rule. *State v. Brown,* 535 S.W.2d 606[2] (Mo.App.1976); *Handshy v. Hasty,* 444 S.W.2d 48, 49[1] (Mo.App. 1969).

■ The lone point relied on in defendant's brief (mislabeled "Points and Authorities") is: "The state has the burden to establish each of the essential elements of its case against the defendant beyond a reasonable doubt." This so-called point is a patent violation of the requirements of Rule 84.04(d) which is applicable in criminal

cases by Rule 28.18. *State v. Warren*, 469 S.W.2d 662, 663 (Mo.App.1971). The point is a mere abstract statement of law which preserves nothing for review on appeal. *Riley v. State*, 545 S.W.2d 711, 712 (Mo.App. 1976); *State v. Velas*, 537 S.W.2d 881, 883[1] (Mo.App.1976); *Kansas City v. Garza*, 493 S.W.2d 659 (Mo.App.1973).

We are always reluctant to dispose of an appeal upon what some may term "legal technicalities", especially where the punishment imposed is a sentence for life. But a conning of the transcript on appeal and the state's evidence most favorable to the verdict [*State v. Nichelson*, 546 S.W.2d 539, 542[3] (Mo.App.1977)], assures us of the propriety of the jury's action and that no error, plain or otherwise, occurred which affected defendant's substantial rights.

The jury could have reasonably found beyond a reasonable doubt that before the occurrence of the charged crime, defendant or one Frazier, or both, had expressed an intent to rob Ira Smith. On the day in question, defendant, accompanied by Frazier and the latter's sister, drove to Smith's residence. Defendant induced Smith to leave his house and go to a nearby shop on the pretext of buying a used automobile tire. After defendant and Smith entered the shop, they were joined by Frazier. Shortly thereafter defendant and Frazier hurriedly left the shop, got into defendant's car and "handed [Frazier's sister] some money and told me to count it." The money consisted of "a few tens, fives, twenties, and one one hundred dollar bill." Defendant et alii then departed and drove forthwith to the State of Texas where they were apprehended two days later. When arrested, defendant's billfold contained a one hundred dollar bill identified as having been possessed by Smith at or near the time of the crime. Immediately after the departure of defendant and associates from the Smith property, Smith was found mortally injured in the shop from a head wound administered by what was described as an "instrument that was found at the scene of the crime which was later identified as the murder weapon."

We recognize that the fact of defendant's mere presence at the scene of the crime and his flight therefrom was insufficient, standing alone, to sustain a conviction. *State v. Castaldi*, 386 S.W.2d 392, 395[3][5] (Mo.1965). However, presence at the scene and flight therefrom, when coupled with other evidence of active participation, will justify a jury finding defendant guilty of the charged crime. *State v. Minor*, 531 S.W.2d 101, 102[2] (Mo.App.1975). In this instance, we not only have defendant's presence at and flight from the scene of the crime, but his possession, in part at least, of newly acquired monies, including a hundred dollar bill identified as having belonged to the victim of the crime. Thereafter, defendant drove his vehicle steadily for "some twenty hours" or "nine hundred and sixty miles" to the place in Texas where he and his companions were arrested. When apprehended in Texas, defendant had exclusive possession of the stolen one hundred dollar bill. These evidentiary facts were sufficient to prove affirmative participation by defendant in the crime charged.

The judgment is affirmed.

All concur.