**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Patrick Michael CULLEN,
Defendant-Appellant.**

**No. 11169.**

Missouri Court of Appeals,
Southern District, Division Three.

Oct. 17, 1979.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 15, 1979.

Application to Transfer Denied
Jan. 15, 1980.

John D. Ashcroft, Atty. Gen., Steven D. Steinhilber, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

William O. Welman, Welman & Beaton, Kennett, for defendant-appellant.

PREWITT, Judge.

Defendant appeals from convictions of burglary in the second degree and stealing in conjunction with the burglary. After jury verdict against him, he was sentenced to consecutive terms of ten years on the burglary count and five years on the stealing count.

Defendant makes three contentions on appeal: (1) that the evidence was insufficient to prove the charges; (2) that the court erroneously received in evidence a plaster cast molding of a footprint; and (3) that the State's submission instruction on burglary and stealing was erroneous in using "premanently" instead of "permanently".

The State presented evidence that on May 22, 1978, at approximately 2:39 a. m., a report was received of a break-in at the OTASCO store in Malden, Missouri. A police officer, who approached the scene with his lights off, saw defendant, just outside the front door of the store, and Weldon Fossey, coming out of the door. Defendant was carrying a long object, later identified as a bumper jack, and Fossey was carrying small objects. Both men were "running or walking fast" when first seen. The officer tried to intercept them with his car, near the scene, but was unsuccessful. At that time they dropped the items they were carrying. Defendant was caught a little over 100 yards south of the OTASCO store and Fossey apprehended in a nearby field. Pistols from the OTASCO store and the bumper jack were found near where the officer originally tried to intercept them. The evidence showed that the front door of the OTASCO store was broken open by a concrete block, and a gun case inside was broken by the bumper jack.

Weldon Fossey testified for defendant. He stated that defendant did not participate in the break-in and did not know it was going to occur. Fossey claims to have told defendant to meet him near the area at midnight or one o'clock. Fossey arrived with Albert Price. Fossey testified that he and Price were traveling in a Mercury; that defendant was never near it, and arrived in his own car. After they met, Albert and defendant left in defendant's car to get some gas. They came back in about an hour. Albert then left alone in defendant's car. Fossey had removed the concrete block and bumper jack from his car and had them with him. He told defendant to wait near the OTASCO store; that he "had something to do". They then went to the front of the store and Fossey threw the block through the door, went inside, took the bumper jack and broke the glass gun case. Fossey then took the guns and went back out. Defendant was three or four feet from the corner of an alley and Fossey handed him the bumper jack. Defendant asked what was happening and Fossey told him it was "pretty obvious". In "no time"

the police cars started coming and defendant and Fossey started running. Fossey's car was parked a short distance away, underneath some trees to help conceal it.

By way of rebuttal, the State offered a plaster cast, purportedly of defendant's right footprint, taken near the vehicle. Fossey was then recalled by defendant and testified that the shoes defendant was wearing when arrested had been worn by Albert Price when he and Price arrived in the Mercury. He said Price and defendant later changed shoes because defendant hurt his foot and it became swollen.

■ For his first point, defendant contends that the evidence of the State only shows he was at the scene. He says presence and flight are insufficient to sustain a conviction, citing *State v. Castaldi*, 386 S.W.2d 392, 395 (Mo.1965) and *State v. Taylor*, 542 S.W.2d 91, 95 (Mo.App.1976). However, in both those cases, the State's evidence showed merely presence at the scene and no clear evidence of active involvement. *State v. Taylor*, supra, 542 S.W.2d at 95. Presence at the scene and flight, when coupled with other evidence of active participation, is sufficient to justify a finding of guilty. *State v. Garrett*, 566 S.W.2d 516, 518 (Mo.App.1978). *State v. Taylor*, supra, 542 S.W.2d at 94, states that a person's presence in a residential area at 10:30 a. m. is "less suspicious" than presence outside a closed, burglarized store at 2:00 a. m. Presence may have substantially different meanings and raise different inferences where circumstances differ. *State v. Ramsey*, 368 S.W.2d 413, 417 (Mo.1963). In *Ramsey*, an attempted burglary conviction was upheld on facts similar to those here.

■ There was evidence from which the jury could find that defendant was present just outside the store at 2:39 a. m. At the time first seen, he had in his hand an instrument used in the crime. He was running or in a fast walk from the scene. Gloves were found on him and footprints of the shoes he was wearing indicated he arrived with Fossey. Guns were found in Fossey's car, taken from a burglary earlier that night in Campbell, Missouri. The jury did not have to believe the testimony of Weldon Fossey. Fossey couldn't remember all his prior felony convictions. There was no other evidence to indicate that Fossey was with Albert Price or that Albert Price even existed. In testing whether the evidence is sufficient, the evidence and all favorable inferences must be considered in the light most favorable to the State and all evidence and inferences to the contrary disregarded. *State v. Sherrill*, 496 S.W.2d 321, 323 (Mo.App.1973). Defendant contends that the State's case is wholly circumstantial and fails to "point so clearly to guilt as to exclude every reasonable hypothesis of innocence", quoting from *State v. Cain*, 507 S.W.2d 437, 441 (Mo.App.1974). However, while the circumstances must be such as are inconsistent with defendant's innocence, it is not necessary that they be absolutely conclusive of his guilt, and the evidence need not demonstrate an absolute impossibility of innocence. *State v. Taylor*, 445 S.W.2d 282, 284 (Mo.1969); *State v. Major*, 564 S.W.2d 79, 81 (Mo.App.1978).

■ The State offered evidence that defendant arrived with Fossey, was outside the premises at an unusual hour, was holding an instrumentality used in the crime, was leaving the scene in a fast manner and attempted to flee when the police arrived. Presence, companionship and conduct before and after an offense are circumstances from which participation in a crime may be inferred. *State v. Nichelson*, 546 S.W.2d 539, 543 (Mo.App.1977). The jury likely did not believe Weldon Fossey that he arrived with Albert Price and that Albert and defendant changed shoes. If Albert existed, his leaving before the burglary is questionable, when he and Fossey had already committed one burglary that night for guns and planned this one. It was for the jury to determine if this version was credible. They apparently did not believe it. The remainder of the evidence was inconsistent with any reasonable theory of innocence. The evidence was at least as sufficient here as in *State v. Ramsey*, supra. The evidence was sufficient to support the conviction. Point I is ruled against defendant.

Defendant next contends that the court erred in receiving into evidence a plaster cast molding of a footprint, because there

was no evidence to connect the molding with the defendant and no expert testimony to compare the cast with the shoes taken from the defendant.

 Bob McDonald, chief of police of Malden, Missouri, identified a pair of blue shoes which were taken off defendant shortly after his arrest. About 3:30 or 4:00 o'clock on the morning of the occurrence, he examined Fossey's vehicle and the vicinity around it. The car had been parked underneath trees to conceal it, about 50 to 75 yards northeast of the rear of the OTASCO store. In the car were two guns, a rifle and a shotgun. McDonald found two sets of footprints in the car. He made a plaster cast of a right footprint just outside the door, which was the same as one of the footprints in the car. He testified that this was a cast molding of the right footprint made by one of the shoes defendant was wearing when arrested. This evidence was offered in rebuttal to show that defendant had arrived with Weldon Fossey. Fossey had earlier testified that defendant had not been in the area of the vehicle. After the plaster cast was admitted into evidence, Fossey again took the stand and explained that Albert and defendant exchanged shoes. The exhibit was sufficiently identified and connected with defendant and the offense charged. It was relevant to rebut evidence defendant offered that he was not around the vehicle, did not arrive with Fossey, and had no idea that Fossey was intending the crime. Defendant's evidence showed that defendant had been wearing the shoes but claimed that Price had worn them earlier. The same footprint was found in Fossey's vehicle. Trial courts are vested with broad discretion in determining the relevancy and admissibility of demonstrative evidence. *State v. Johnson*, 539 S.W.2d 493, 515 (Mo. App.1976), cert. denied, 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977). The exhibit could properly be considered by the jury in determining defendant's participation in the crime. Expert testimony was not necessary to show that the moldings were of defendant's shoes. See *State v. Drake*, 298 S.W.2d 374, 376 (Mo.1957). The defendant's shoes were in evidence, and the molding in evidence. If there was any

doubt, they could be compared by the jury to determine if the molding was of the right shoe. The trial court did not abuse its discretion in admitting the exhibit. Point II is ruled against defendant.

Defendant's third point is that Instruction No. 6 was in error because it used "premanently" instead of "permanently", resulting in confusion to the jury. That instruction as written was:

"INSTRUCTION NO. 6

If you find and believe from the evidence beyond a reasonable doubt:

First, that the defendant is guilty of burglary in the second degree as submitted in other instructions herein, and

Second, that after committing that offense the defendant or another stole two Taurus 38 caliber blue steel revolvers, a Titan 22 caliber automatic, two RG 22 caliber pistols, a H & H 22 caliber revolver, a FIE 22 caliber pistol and a Titan Tiger 38 caliber blue steel revolver owned by OTASCO Incorporated, with the intent premanently to deprive OTASCO Incorporated of its use of such property and to convert it or any part thereof of the use of the defendant and another without the consent of the owner, and

Third, that the defendant acted either alone or knowingly and with common purpose together with another in the conduct referred to in the above paragraphs,

then you will find the defendant guilty of burglary in the second degree and stealing.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of burglary and stealing."

 When reading the instruction, the court said "permanently" where "premanently" was written. Apparently, "premanently" is not considered a word and has no definition. We see no way this could have prejudiced defendant. The trial court should be reversed only when the defendant has been prejudiced by an error in an instruction. *State v. Pitchford*, 556 S.W.2d 57, 59 (Mo.App.1977). In hearing and in reading the instruction, the jury would

know that it was to find that the items were to be permanently taken. It would be unrealistic to assume that there was any intention to return the guns to OTASCO. Defendant's witness Weldon Fossey certainly indicated that they were taken with intent to keep them permanently from OTASCO. Under this instruction the defendant first had to be found guilty of burglary under a prior instruction. He was found guilty of both. The question litigated was whether defendant participated in the crimes, not that no crimes occurred. Defendant could not have been prejudiced by this mistake. Defendant's third point is ruled against him.

The judgment is affirmed.

All concur.