**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Jerry Lee SUMMERS,
Defendant-Appellant.**

No. 13240.

Missouri Court of Appeals,
Southern District,
Division Three.

Nov. 17, 1983.

John D. Ashcroft, Atty. Gen., Frank A. Rubin Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

John W. Nichols, Kennett, for defendant-appellant.

PREWITT, Judge.

Following jury trial defendant was convicted of burglary and stealing, and sentenced as a persistent offender to nine years and four years respectively, with the sentences to run consecutively.

Defendant contends that the trial court erred in admitting his tennis shoes into evidence because the shoes were seized as a direct result of an unlawful arrest. He also contends that the evidence was insufficient to sustain the convictions "in that the only evidence offered by the state to connect defendant with the crime charged was his presence at and flight from the scene of the crime."

Defendant's counsel filed a motion to suppress certain evidence including the shoes. Following an evidentiary hearing the motion was denied. At trial when the shoes were offered into evidence, the trial court inquired whether defendant's counsel objected and he replied, "I have no objection".

When a motion to suppress evidence is denied and the evidence is offered, a defendant must object at the trial to preserve his contentions for appellate review. *State v. Powers,* 613 S.W.2d 955, 959 (Mo.App.1981); *State v. Howard,* 564 S.W.2d 71, 74 (Mo.App.1978). This contention was not preserved for our review and we find no plain error under Rule 30.20.

In reviewing to determine if a submissible case was made we accept as true all the evidence favorable to the state, including all reasonable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *State v. Rhoden,* 654 S.W.2d 352, 353 (Mo.App. 1983); *State v. Manning,* 612 S.W.2d 823, 825 (Mo.App.1981). The case against defendant was based on circumstantial evidence. Although circumstances must be such as are inconsistent with a defendant's innocence, to make a submissible case based on circumstantial evidence it is not necessary that the circumstances be absolutely conclusive of guilt, and the evidence need not demonstrate an absolute impossibility of innocence. *State v. Hodge,* 655 S.W.2d 738, 743 (Mo.App.1983).

Presence at the scene and flight, when coupled with other evidence of active participation, is sufficient to justify a finding of guilty. *State v. Cullen,* 591 S.W.2d 49, 51 (Mo.App.1979). Presence may have substantially different meanings and raise different inferences when circumstances, such as the time and place of the presence, differ. Id. Presence, companionship and conduct before and after an offense are circumstances from which participation in a crime may be inferred. Id.

At 11:21 p.m. on October 12, 1982, a burglar alarm sounded at the Magic Mart Store in Malden. Police were dispatched and arrived at approximately 11:22 p.m. An officer, arriving in a vehicle with its headlights on, said he nearly hit two men who ran out of a "hallway between the buildings." One was wearing a blue jacket and the other a grey sweat shirt. Defendant was identified as one of the men. As they were running away "pretty fast", they split up and one dropped a bag. The bag contained guns that had been taken from the store. The men were pursued but the officer lost sight of them. A roadblock was then set up on all roads leading out of town.

Entry to the store was made through a hole in a concrete wall apparently created by two sledgehammers found near the hole. Gun cases inside the store had been entered and several guns had been removed. The alarm would not have been activated by an entry through the wall but could have been by motion around the gun cases.

At 12:30 a.m. on October 13, 1982, an automobile was stopped by one of the roadblocks. Defendant was a passenger. He and three other occupants of the car were arrested. A blue jacket and a grey sweat shirt were found in the trunk of the car. A price tag found in the pocket of the grey sweat shirt was identified as having come off of one of the handguns taken from the store. Expert testimony established that footprints found near the hole were made by the tennis shoes that defendant was wearing at the time of his arrest. At the time he was arrested defendant had grass stains on and around the knees of his trousers.

The evidence was sufficient for the jury to find that defendant was guilty of both offenses. He was near the point of entry to the store at a late hour shortly after the entry occurred and was running fast from the scene. Either he or the person he was running with was carrying a sack of guns taken from the store. Clothing similar to what the two were wearing was found in the trunk of the car that defendant was riding in. The clothing indicates that defendant was reunited with his companion after they split up while being pursued. Defendant's manner of running, the place he had been, the time of night, and the stolen goods that he or his companion were carrying all indicate that defendant was a party to the burglary and stealing.

The judgment is affirmed.

GREENE, C.J., CROW, P.J., and FLANIGAN and MAUS, JJ., concur.