STATE of Missouri, Respondent,

v.

**Darren Anthony PHILLIPS, Appellant.**

**No. 46676.**

Missouri Court of Appeals,
Eastern District,
Division Six.

March 6, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 4, 1984.

Robert Jackson, Clayton, for appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

The state charged and a jury found defendant Darren Phillips guilty of attempted robbery of Lester Ellis (Count I) and also guilty of armed assault upon arresting police officer Michael Bishop (Count II).

Pursuant to the verdicts the court sentenced defendant to concurrent five year prison terms for attempted robbery and 15 years for assault. Defendant has appealed, challenging evidentiary sufficiency on each count. We affirm.

The state's evidence: In early morning hours defendant drove his passenger James Wingfield to the airport and from there they followed the victim, his wife and son to their home. There the wife and son entered their home, leaving the victim near his car. Defendant remained in his car while passenger Wingfield got out and approached the victim muttering and brandishing a sawed-off shotgun. The victim stumbled into the house and had his wife call the police. Meanwhile defendant had hurriedly driven off. At trial defendant admitted he saw Wingfield pointing the shotgun at Mr. Ellis. He also testified as to the previous night:

"Before we left the house, we did talk about making some money. And we still didn't know how, or what we were going to do. And we saw the people, and we followed them."

Further state's evidence: Officer Bishop was at the Ellis home minutes later, gave chase and closed in on defendant driving his car. For some 20 minutes defendant drove a circuitous evasive course at speeds up to 100 miles per hour. During this chase Wingfield fired a dozen pistol shots at Bishop's police car. When the getaway car finally stopped defendant ran away on foot but was soon arrested.

Defendant initially contends the state failed to prove the corpus delicti of attempted robbery. He contends therefore it was error to admit his out of court statement.

■ Defendant's premise is false. There was evidence he and Wingfield spoke of getting some money and then following the victim; pursuant thereto Wingfield threatened the victim with the shotgun. Thus the corpus delicti was shown.

■ Proof thereof need not show a defendant's active participation in the crime charged. *State v. Wood*, 596 S.W.2d 394[16] (Mo.banc 1980). And when the evidence showed a crime was in fact committed defendant's statement thereof became admissible. *State v. Hankins*, 599 S.W.2d 950 [8–11] (Mo.App.1980).

■ We deny defendant's initial point and take up his contention there was insufficient evidence to show attempted robbery by Wingfield and defendant's connection therewith.

We have held the evidence did show attempted robbery by Wingfield. We now address defendant's contention he was not shown to be guilty as a party to that offense.

The rule to be applied is declared in *State v. Harris*, 602 S.W.2d 840 [11, 12] (Mo.App.1980):

"Participation may be inferred and the evidence need not directly reflect the accused in the act of committing the crime with which he is charged.... Such inference may be drawn from the presence of the accused, conduct before and after

the offense, and companionship before and after the offense."

And, defendant's flight from the scene is to be considered. *State v. Cullen,* 591 S.W.2d 49[1] (Mo.App.1979). We deny defendant's second point.

Affirmed.

PUDLOWSKI, P.J., and DOWD, J., concur.