Jerry SUMMERS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 14894.

Missouri Court of Appeals,
Southern District,
Division One.

March 17, 1987.

---

David E. Woods, Poplar Bluff, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Presiding Judge.

Jerry Summers was jury-convicted of second degree burglary and felonious stealing. The trial court, after finding Summers to be a persistent offender, due to prior felony convictions, sentenced him to consecutive prison terms of nine years and four years for the crimes in question. Summers appealed, and the convictions were affirmed by this court. *State v. Summers,* 660 S.W.2d 772 (Mo.App.1983).

Facts of the case pertinent to this appeal are as follows. At 11:21 p.m., the burglar

1. All references to rules are to Missouri Rules of

alarm sounded at the Magic Mart store in Malden, Missouri. A police officer arrived at the scene about one minute later and observed two men, one wearing a blue jacket and the other a gray sweat shirt, running away from the building. As they ran, one of the men dropped a bag containing guns stolen from the store. Summers was identified as one of the men fleeing from the crime scene.

About 12:30 a.m. the next day, police stopped an automobile containing Summers and three other occupants. Summers was a passenger in the vehicle, and did not own it. A blue jacket and a gray sweat shirt were found in the trunk of the car. A price tag found in a pocket of the sweat shirt was identified as coming from one of the handguns taken during the burglary. Expert testimony established that footprints found near the point of unlawful entry into the Magic Mart were made by the tennis shoes worn by Summers at the time of his arrest.

After confinement, Summers filed a pro se motion, pursuant to Rule 27.26,[1] seeking to vacate his convictions and sentences. The motion, after amendment by appointed counsel, alleged, among other things, that trial counsel was ineffective because he failed to object at trial to the introduction into evidence of Summers' tennis shoes.

An evidentiary hearing was held, after which the motion court made findings of fact and conclusions of law, and entered judgment denying the motion. In its findings and conclusions pertinent to this appeal, the motion court found and concluded as follows:

The attorney for movant filed a motion to suppress various items including the tennis shoes movant was wearing when he was arrested. The motion was denied. There is nothing before this Court on this issue other than the motion, the docket entry, and the opinion of the Court of Appeals. The motion to suppress was heard by the same judge who tried the case only five days before the trial, and the making of an objection at the trial would not have aided movant.

Court, V.A.M.R.

The decision by the trial attorney to not object is a matter of trial strategy, and the manner in which trial strategy is applied does not provide an adequate basis for an attack on the effectiveness of movant's trial attorney. *Smith v. State,* 684 S.W.2d 520, 523 (Mo.App.1984).

Movant has not carried his burden of proof on his claim of ineffectiveness of counsel. The Court finds that movant's attorney did exercise the customary skill and diligence that a reasonably competent attorney would have exercised in the case. There was no prejudice to movant arising from any acts or omissions on the part of his attorney.

Rule 27.26(f) places upon movant the burden of establishing his grounds for relief by a preponderance of the evidence and he has failed to establish any grounds for relief.

The Court finds that the sentencing court had jurisdiction to render the judgment and sentence; that the sentence imposed was legal and not subject to collateral attack; that there was no denial or infringement of the constitutional rights of movant so as to render the judgment subject to collateral attack; and that movant is not entitled to the relief requested in his motions.

■ Our review is limited to a determination of whether these findings and conclusions are clearly erroneous. Rule 27.-26(j). Summers must not only prove that his counsel was ineffective for failure to object to the introduction of his shoes into evidence, but must also prove that he was prejudiced thereby. *Seales v. State,* 580 S.W.2d 733, 735 (Mo. banc 1979).

■ In his brief, Summers argued that his trial counsel was ineffective for failing to preserve for appellate review the issue of whether the seizure of his tennis shoes was violative of his constitutional right against unreasonable searches and seizures. However, his motion to vacate does not allege how the seizure violated his rights, nor did he produce any proof at the post-conviction hearing to that effect. Post-conviction motions to vacate are not self-proving, and failure of proof, as here, defeats the motion.

The only evidence Summers offered on the issue, other than the admission of his trial counsel that he made no objection at trial to the introduction into evidence of the tennis shoes, was a pretrial docket entry made by the trial court after a hearing on a motion to suppress filed by Summers' trial counsel. The docket entry reads as follows:

The defendant appears in person and by his attorney. The motion to suppress is presented to the court. The motion to suppress is denied because: the items found in the car consisting of two jackets, a cap, a store tag, and gloves were the result of search by consent given by the operator and possessor of the automobile and defendant, as a passenger in the car, has no standing to question said search. The shoes of the defendant were obtained after the defendant had been taken into custody under probable cause to believe that he had committed a felony.

There is nothing in the record to contest such findings and conclusions. Indeed, a perusal of the facts previously recited indicates that the arrest of Summers upon probable cause was proper. We find no error in any of the findings and conclusions of the motion court.

The order denying relief to Summers on his motion to vacate is affirmed.

CROW, C.J., and FLANIGAN, J., concur.