**STATE of Missouri, Plaintiff–Respondent,**

v.

**Tommy NUNLEY, Defendant–Appellant.**

**No. 22436.**

Missouri Court of Appeals,
Southern District,
Division One.

May 3, 1999.

---

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine Chatman, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Tommy Nunley (defendant) was convicted, following a jury trial, of two counts of delivery of cocaine base, a controlled substance. § 195.211.[1] He was charged as and found to be a prior offender and a prior drug offender. *See* §§ 558.016.2, 195.275.1(1) and 195.291. Defendant was tried in Butler County following a change of venue from Cape Girardeau County. He appeals contending the trial court erred in denying his motion for judgment of acquittal at the close of evidence and in allowing the prosecuting attorney to say in

1. References to statutes are to RSMo 1994.

the state's closing argument that there was no reason the state would "bring somebody in who wasn't identified and wasn't positive." This court affirms.

On review, this court accepts as true all evidence favorable to the state and all favorable inferences drawn from the evidence. All evidence and inferences to the contrary are disregarded. *State v. Dulany,* 781 S.W.2d 52, 55 (Mo. banc 1989).

On September 24 and 25, 1996, Keith May, a Cape Girardeau policeman assigned to the Southeast Missouri Drug Task Force, worked with a confidential informant, Gary Leadbetter, in investigating illegal drug sales. On each of those dates Officer May searched the informant's person and his vehicle to assure he did not have drugs on his person or access to drugs. Leadbetter then drove to where he expected to find persons selling drugs.

Gary Leadbetter explained:

They searched me down and took my money and everything from me and kept it and they searched my automobile down real good and they followed me down to the area where they sell dope and stuff and I will drive down the street and they will flag you down and I will purchase whatever drugs, you know, crack or whatever is on the street.

Leadbetter was provided money with which to buy drugs. Defendant flagged him down on both September 24 and September 25. On both occasions he purchased crack cocaine from defendant, then returned to a prearranged meeting place where he delivered the drugs he had purchased to Officer May. The drugs were packaged for delivery to a laboratory for testing by Officer May and placed in a locked evidence locker at the sheriff's department of Cape Girardeau County for delivery to the SEMO Regional Crime Laboratory. After the substances were tested, they were returned to the evidence locker for storage until time of trial.

Defendant's first point on appeal contends the trial court erred in overruling defendant's motion for judgment of acquittal at the close of all the evidence. He asserts that the state did not prove the substances allegedly sold to the informant were the same substances that were delivered to Officer May or the same substances analyzed by the crime laboratory; that there was insufficient proof to show beyond a reasonable doubt that the substances analyzed were in the same condition as those substances sold by defendant to the informant.

 Point I undertakes to charge error in the trial court's denial of defendant's motion for judgment of acquittal at the close of all the evidence.[2] However, the motion for judgment of acquittal does not assert as grounds for relief any of the complaints specified in Point I. Neither are those claims included as grounds for relief in defendant's motion for new trial.

Defendant's claim in Point I that the trial court erred in denying defendant's motion for judgment of acquittal amounts to a claim that the state failed to prove the charged crime beyond a reasonable doubt. *State v. Garrett,* 566 S.W.2d 516, 517 (Mo. App.1978). Such an assertion "represents the epitome of conclusionary assertions shorn of any particular or specific grounds for the trial court's averred errors." *Id.*

 ▪The record is devoid of any challenge during trial to the chain of custody of the controlled substances. No objection was made when the state offered the exhibits in evidence. "In order to preserve an evidentiary issue in a jury trial for appellate review, an objection must be made when the evidence is sought to be introduced; that objection must be asserted as error in a motion for new trial; and

---

2. Defendant rested at the close of the state's case without presenting evidence. He, therefore, did not waive any claim of error asserted by his motion for acquittal filed at the close of the state's evidence or his identical motion for acquittal filed at the close of all the evidence. *See State v. Ervin,* 979 S.W.2d 149, 159 (Mo. banc 1998).

the issue must be presented in the appeal brief." *State v. Guidorzi*, 895 S.W.2d 225, 228 (Mo.App.1995). This did not occur. Defendant's allegations of trial court errors in Point I were not preserved for appellate review. An appellate court will not convict a trial court of error on an issue that was not put before it to decide. *Boatmen's Bank of Southern Missouri v. Foster*, 878 S.W.2d 506, 508 (Mo.App.1994).

 This court may, notwithstanding an appellant's failure to preserve an issue for review, examine allegations of error to determine if plain errors occurred that resulted in manifest injustice or miscarriage of justice that affected an appellant's substantial rights. *State v. Cravens*, 968 S.W.2d 707, 709 (Mo.App.1998); Rule 30.20. Whether plain error occurred depends on the facts and circumstances of each case. *Id.* This court's review of the issues set out in Point I discloses no plain error. Point I is denied.

 Point II asserts that the trial court "plainly erred" in allowing the state to say in closing argument, "There is no reason on this earth that we would bring somebody in who wasn't identified and wasn't positive," and in not *sua sponte* declaring a mistrial. Defendant contends this amounted to personally vouching for the confidential informant and the charges against defendant; that it referred to facts not in evidence; that it raised "the implication that the assistant prosecutor personally believed [defendant] was guilty." Point II contends the jury was thereby encouraged to decide the case not on the evidence adduced at trial, but on the basis of the assistant prosecutor's expression of confidence in a system that "does not bring innocent persons to trial."

Defendant acknowledges that no objection was made at trial to the argument about which he now complains; that the issue was not preserved for appellate review. Thus, he requests plain error review.

In *State v. Silvey*, 894 S.W.2d 662 (Mo. banc 1995), the court declined a request for plain error review of a prosecutor's statements in closing argument stating, "Relief should rarely be granted on assertions of plain error as to closing argument because, 'in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention.' " *Id.* at 670 quoting *State v. Clemmons*, 753 S.W.2d 901, 907–08 (Mo. banc 1988). *See also State v. Wright*, 934 S.W.2d 575, 584–85 (Mo.App.1996). For the reasons explained in *Silvey* and in *Wright*, this court declines to grant plain error review to the issue asserted in Point II. Point II is denied. The judgment of conviction is affirmed.

PREWITT, P.J., and CROW, J., concur.