STATE of Missouri, Plaintiff–
Respondent,

v.

Edward L. MOTLEY, Defendant–
Appellant.

No. 23523.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 28, 2001.

Motion for Rehearing or Transfer to
Supreme Court Denied Sept. 13, 2001.

Application for Transfer Denied
Oct. 23, 2001.

—

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Sutherland, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Presiding Judge.

Edward L. Motley (defendant) appeals his conviction for statutory rape in the second degree. § 566.034, RSMo 1994. This court affirms.

"This Court reviews the facts in the light most favorable to the verdict." *State v. Chaney,* 967 S.W.2d 47, 49 (Mo. banc 1998). In doing so, we consider the evidence and all reasonable inferences therefrom in the light most favorable to the verdict and we disregard all inferences to the contrary. *See State v. Perry,* 954 S.W.2d 554, 557 (Mo.App. 1997); *State v. Gaston,* 897 S.W.2d 136, 137 (Mo.App.1995). "The jury, not the appellate court, is responsible for weighing the reliability and credibility of the witnesses." *State v. Allison,* 845 S.W.2d 642, 645 (Mo.App.1992). A jury may believe all, some or none of the testimony of any witness. *Id.*

*State v. Deckard,* 18 S.W.3d 495, 497 (Mo. App.2000).

On July 9, 1998, the victim, P.P., a 14–year–old girl, was visiting a friend. Sometime that evening, the two girls walked to a convenience store near the friend's house. They were returning when a car with two male passengers passed them, made a U-turn, and passed them again. The car stopped. One of its occupants motioned for the girls to come to the car.

Defendant was one of the two occupants of the car. He identified himself as "E.L." The other occupant was identified as Jason. Defendant first told P.P. and her friend he was 19. Later he told her he was 36. P.P. was asked what happened at the end of the conversation. She answered, "We had decided—they wanted to go somewhere and talk, so we decided to meet them at a park." The two girls met the occupants of the car at Smith Park. The park was about a two-minute walk from P.P.'s friend's house.

After arriving at the park and meeting the two men, the group stayed together a short time. P.P.'s friend wanted to talk alone to the one who had identified himself as Jason. They went to the bleachers at a baseball stadium in the park. P.P. and defendant walked to a concrete picnic table. They sat there and talked. Defendant got some speakers from the car, put them on top of the car, and played a music tape. Defendant told P.P. that he "knew how to treat a woman"; that he would know how to treat her. P.P. was asked what else defendant told her. She answered, "I don't remember his exact words but whispered something like can we have sex?" He continued to ask.

P.P. was asked the following questions and gave the following answers:

Q. What happened after he kept repeatedly asking you this?

A. I finally said all right, fine.

Q. Can you tell me why you did that?

A. I was hoping he would just get it over with because I was afraid.

Defendant pulled down the girl's pants, then pulled down his pants. He had sexual intercourse with her on the tabletop. He told her it was hurting his knees. They moved to the grass by the table. P.P. testified that defendant was interrupted by a white car that had driven by; that he said it made him uncomfortable, "so he stopped." P.P. told the jury she had her eyes closed during the time "all of this was going on" because she was afraid. Defendant had a bottle of gin. P.P. said she grabbed the bottle and started drinking; that she had not drunk before. After a while defendant left.

During cross-examination, defendant's trial attorney asked P.P. when she first became afraid of defendant. She answered, "We were talking about the past and he told me that he had been shot twice and he told me he killed a person."

During redirect examination, P.P. was asked about her testimony that she had been afraid. The prosecuting attorney asked about bullet wounds that defendant talked about and about defendant telling P.P. he had killed someone. Defendant had been wearing a jacket. The prosecutor asked P.P., "What was it that that made you think, those things combined?" She answered, "That maybe he was in a gang and if I—," at which time defendant's attorney posed an objection that was overruled. The prosecutor asked, "What, if anything, did you think he might have in the jacket?" P.P. answered, "Some sort of weapon." She said she thought that because he had told her "that he had been shot, he had killed someone." She said she thought he might be in a gang.

During the opening segment of the state's closing argument, the prosecutor argued that defendant coupled "sort of soft sell with fear." He continued, "He tells her about how he's been shot two or three times. Shows her, even, the scar below his left knee where he has an old bullet injury, and then tells her that he's killed a man."

Defendant's sole point on appeal is directed to testimony "that [defendant] told [P.P.] that he had been shot and he had killed a man, and that she believed he might be in a gang and might have a gun." Defendant argues this violated his right "to be tried only for the crimes with which he was charged."

 The matters about which defendant complains were initiated by defendant's attorney's cross-examination of P.P. When the issues were addressed on redirect and in closing argument by the state, there were no objections. The issues were not preserved for appellate review. *See State v. Williamson*, 836 S.W.2d 70, 72 (Mo.App.1992).[1] Defendant's point on appeal acknowledges this in that it argues "[t]he trial court plainly erred." "This court may, notwithstanding an appellant's failure to preserve an issue for review, examine allegations of error to determine if plain errors occurred that resulted in manifest injustice or miscarriage of justice that affected an appellant's substantial rights." *State v. Nunley*, 992 S.W.2d 892, 895 (Mo.App.1999); *see* Rule 30.20. "Whether plain error occurred depends on the facts and circumstances of each case." *State v. Nunley, supra.*

---

1. Defendant erroneously suggests the absence of objections at trial and the initial inquiry concerning the issue about which he now complains by his trial counsel "should be excused"; that his trial counsel was ineffective. A complaint regarding the effectiveness of trial counsel is not cognizable on direct appeal. *State v. Finster*, 985 S.W.2d 881, 890 (Mo.App.1999). "Rule 29.15 is the exclusive procedure by which a claim of ineffective assistance of counsel can be advanced." *Id. See* Rule 29.15(a).

Defendant's point on appeal is directed to two trial events-the testimony concerning defendant having told P.P. that he had sustained gunshot wounds and had killed a man, and the references to that testimony by the prosecuting attorney during closing argument. Plain error review does not justify review of every trial error that has not been preserved for appellate review. *State v. McMillin,* 783 S.W.2d 82, 98 (Mo. banc), *cert. denied,* 498 U.S. 881, 111 S.Ct. 225, 112 L.Ed.2d 179 (1990); *State v. Wright,* 934 S.W.2d 575, 584 (Mo. App.1996). It should rarely be granted on assertions of plain error as to closing argument. *State v. Silvey,* 894 S.W.2d 662, 670 (Mo. banc 1995); *State v. Clemmons,* 753 S.W.2d 901, 907 (Mo. banc), *cert. denied,* 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988); *State v. Wright, supra.* This court declines to grant plain error review to defendant's claim that the state's closing argument concerning P.P.'s fear of defendant was error.

Determination of whether plain error exists must be based on a consideration of the facts and circumstances of each case. *State v. Varvera,* 897 S.W.2d 198, 201 (Mo.App.1995). It is defendant's burden to demonstrate manifest injustice or miscarriage of justice when plain error review is sought. *Id.* Revelation of the basis for fear instilled in a person present during the commission of a crime does not, *per se,* inject plain error in a trial. *See State v. Hightower,* 951 S.W.2d 712, 716–17 (Mo.App.1997). The fact that such a revelation is made by the victim of the crime does not require a different finding. Having reviewed the record on appeal, this court is not possessed with the belief that P.P.'s testimony concerning what defendant told her resulted in manifest injustice or a miscarriage of justice. This court finds no plain error with respect to P.P.'s testimony. Defendant's point is denied. The judgment of conviction is affirmed.

SHRUM and MONTGOMERY, JJ., concur.