**INGRAM TRUCKING, INC., Appellant,**

**v.**

**Christopher B. ALLEN and State Farm Mutual Automobile Insurance Company, Appellees.**

No. 2011–CA–000513–MR.

Court of Appeals of Kentucky.

May 11, 2012.

Rehearing Denied July 9, 2012.

Ronald E. Hines, Elizabethtown, KY, for appellant.

Michael K. Bishop, Joseph R. Cox, Bowling Green, KY, for appellee.

Before DIXON, KELLER and NICKELL, Judges.

## OPINION

DIXON, Judge:

Appellant, Ingram Trucking, Inc., appeals from an opinion and order of the Allen Circuit Court granting summary judgment in favor of Appellees, Christopher Allen and State Farm Mutual Automobile Insurance Company, and concluding that Ingram Trucking's action was time barred. Finding no error, we affirm.

On June 14, 2007, a two-vehicle accident involving a pick-up truck and a tractor trailer occurred at the intersection of Highway 31–E and Highway 231 in Allen County, Kentucky. Allen was the driver of the pickup truck and his vehicle was insured by State Farm. Morris Fishburn was the driver of the tractor trailer, which was owned by Ingram Trucking. According to the police report, Allen ran a red light and hit the tractor trailer broadside, causing property damage in excess of $11,000.

On March 18, 2010, Ingram Trucking's counsel sent a demand letter to State Farm seeking payment for damages incurred to the tractor trailer in the accident. State Farm responded, however, that the two-year statute of limitations for claiming property damages had run and the company was no longer responsible for payment. As a result, on August 3, 2010, Ingram Trucking filed a declaratory rights action in the Allen Circuit Court seeking a ruling that the five-year statute of limitations under KRS 413.120(4) was applicable to the cause of action because the damages were the result of a trespass against chattel. After filing an answer, Allen initially filed a motion to dismiss the action based upon the two-year statute of limitations governing actions for property damage under KRS 413.125. However, he subsequently cancelled the hearing on the motion and instead filed a motion for summary judgment.

The trial court held a summary judgment hearing in February 2011, and thereafter entered an opinion and order granting summary judgment in favor of Allen. In so doing, the court held that there was no conflict between KRS 413.120(4) and KRS 413.125, and that Ingram's cause of action was governed by the two-year statute of limitations set forth in KRS 413.125. As the accident giving rise to the property damage occurred on June 14, 2007, Allen's complaint filed on August 3, 2010, was clearly time barred. Ingram Trucking thereafter appealed to this Court.

Our standard of review on appeal of a summary judgment is "whether the trial

court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." CR 56.03. The trial court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment is proper only "where the movant shows that the adverse party could not prevail under any circumstances." *Id.* Finally, since summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue de novo. *Lewis v. B & R Corporation*, 56 S.W.3d 432, 436 (Ky.App. 2001).

KRS 413.125 states that "[A]n action for the taking, detaining, or injuring of personal property, including an action for specific recovery shall be commenced within two (2) years from the date the cause of action accrued." KRS 413.120 provides, in pertinent part, "[T]he following actions shall be commenced within five (5) years after the cause of action accrued ... (4)[A]n action for trespass on real or personal property." Ingram Trucking argues that since a trespass to chattels involves the detaining or injuring of personal property, there is a conflict between the two statutes of limitations and therefore the longer statutory period applies. *Troxell v. Trammell*, 730 S.W.2d 525 (Ky.1987). We disagree.

The fatal flaw in Ingram Trucking's argument is that a trespass to chattel, or trespass to personal property, is an intentional tort. Restatement (Second) of Torts § 217 provides that "[A] trespass to a chattel may be committed by *intentionally* (a) dispossessing another of the chattel, or (b) using or intermeddling with a chattel in the possession of another." (Emphasis added). Significantly, Comment. (b) to § 217 explains:

This Section follows the commonly accepted terminology, by which there can be no unintended "trespass" to a chattel. Under the rules stated in Chapter 12 of this Restatement, the actor may be subject to liability for harm resulting from a negligent interference with a chattel. Such liability is dealt with as in other cases of negligence, in which the word "trespass" usually is not even mentioned. Under the rules stated in Chapters 20 and 21, there may also be liability for harm to a chattel resulting from strict liability, without either intent or negligence. Again any such liability is nearly always rested upon the nature of the actor's conduct itself, without any reference to "trespass."

The trial court herein recognized the above principles in its opinion and order, in ruling:

[A] trespass to chattel cannot be premised on negligent conduct. "[A] trespass to chattel occurs when a defendant *intentionally* intermeddles with personal property in the possession of the plaintiff and ... impairs the property as to its condition, quality, to value, or (d) causes physical harm to the possessor or to some person or thing in which the possessor has a legally protected interest." 13 *Ky. Prac. Tort Law*, The Nature of Trespass to Chattels, § 7:1 (2010) (*citing* Restatement (Second) of Torts § 217, 218) (emphasis added). Typically, "the intent necessary is the

intent to intermeddle with the particular property." *Id.*, Intent § 7:2 (2010). While the tort may have originally included claims of negligence, "trespass," so far as it applied to interference with chattels, has come to be limited to intentional interferences." Restatement (Second) of Torts § 217, comment. b (1965).

The trial court concluded that because there was no claim or evidence that Allen intended to damage Ingram Trucking's tractor trailer, the underlying action was simply a common law negligence suit for damages to personal property, which is governed by KRS 413.125. *See American Premier Ins. Co. v. McBride*, 159 S.W.3d 342 (Ky.App.2004).

Ingram Trucking goes to great lengths in arguing that Kentucky recognizes negligent trespass to chattels. However, the cases cited by Ingram Trucking discuss the intent element only with respect to a trespass upon a person or real property. *See Randall v. Shelton*, 293 S.W.2d 559 (Ky.1956) and *Rockwell International Corp. v. Wilhite*, 143 S.W.3d 604 (Ky.App. 2003). As previously noted, the Restatement clearly makes a distinction between trespass to real property and trespass to chattel, and holds that the latter is "limited to intentional interference."

We agree with the trial court that the record is devoid of any proof that Allen intentionally collided with the tractor trailer. Ingram's own complaint claims that Allen "negligently and carelessly operated his vehicle so as to cause a collision with the Plaintiff's vehicle." In addition, the police report gives no indication of intentional conduct on Allen's part in causing the accident. As such, the trial court correctly concluded that Ingram's cause of action was governed by the two-year statute of limitations in KRS 413.125.

Finally, Ingram Trucking argues that Allen's motion for summary judgment should have been construed as a motion for judgment on the pleadings pursuant to CR 12.03 because there was no evidence filed in the record. Ingram Trucking premises its argument on the fact that the accident report was attached to Allen's motion to dismiss but not to the motion for summary judgment. As such, Ingram Trucking argues that once Allen cancelled the hearing set for the motion to dismiss, the trial court was no longer able to consider that pleading.

CR 56 indicates that summary judgment should be rendered "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any" show the absence of genuine issues of material fact. We are of the opinion that the police report was filed in the record and the matter was properly considered by the trial court. The allegations set forth in Ingram Trucking's petition, even when considered in best light possible to Ingram Trucking, were not sufficient to avoid summary judgment. Ingram Trucking did not plead facts necessary to establish a trespass to chattel because such simply did not exist. Ingram Trucking's cause of action was nothing more than a property damage claim arising from an automobile accident, which is unquestionably governed by the two-year statute of limitations set forth in KRS 413.125. As Ingram failed to file an action within the prescribed time limitation, the matter was properly dismissed by the trial court.

The opinion and order of the Allen Circuit Court granting summary judgment in favor of Allen is affirmed.

ALL CONCUR.